## Case No. 7,820a.

KINGSLEY'S ASSIGNEE v. HERRIET.

[See Case No. 1,722.]

---

## Case No. 7,821.

### KINGSTON v. KINCAID et al.

[1 Wash. C. C. 448.] [1]

Circuit Court, D. Pennsylvania. April Term, 1806.

EXCEPTIONS TO THE REPORT OF REFEREES—AWARD BY TWO REFEREES.

1. It is a general rule, according to the law and practice of Pennsylvania, that awards shall

---

[1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

be so plainly expressed, that, by a fair construction of the whole instrument, or by reference to something connected with it, the parties may know precisely what they are to do. If certainty can be obtained, by a reference to something dehors the award, the party may, by an averment, cure an objection, otherwise fatal.

[Cited in Walt v. Huse, 38 Mo. 211.]

2. In the case of common awards, not under the laws of this state, the arbitrators cannot be called upon, either at law or in equity, to discover the grounds upon which they made their award.

[Cited in Aldrich v. Jessiman, 8 N. H. 520; Currier v. Lowe, 32 Mo. 205.]

3. When, after sundry meetings, and after every effort to obtain a coincidence of opinion among them, the third referee, who would not sign the award, withdrew, and declared that it would be unnecessary to call upon him, to meet on the subject of the reference again; the remaining two referees had a right to proceed, and make an award.

[Cited in Carpenter v. Wood, 1 Metc. (Mass.) 413; Buell v. Chapin, 99 Mass. 596.]

This cause came on upon exceptions to a report, made under a rule of court, referring the cause to three referees, or any two of them. The report found 10,000 dollars due to the plaintiff, reserving to the court, the question as to provisions delivered, or payments made to Henry Kingston; and, if allowed by the court, then to be deducted from the sum awarded; as also a bill of exchange for £200, drawn by H. Kingston, and endorsed by the plaintiff, which is to be deducted, with damages and interest, on the bill being delivered up to the plaintiff. The exceptions went, some of them, to the merits, and some of them were to the form of the report, as not being final, or certain. Another exception was, that only two of the referees decided, without giving notice to, or consulting with the third. Upon the examination of the referees, it appeared, that the three referees met often on the subject; but, as one could not agree with the other two, on the important points in dispute, he said it was unnecessary to call upon him again, and he withdrew. Some evidence was given by the referees, to show what was the nature of the claim for provisions furnished, and payments made to Henry Kingston, and fixing their amount.

Mr. Ingersoll, for plaintiff.

Rawle & Gibson, for defendant.

WASHINGTON, Circuit Justice. The objections made to the form of this report are, that it is neither certain nor final. The rule, as to awards in general, and which applies with equal reason, to reports under the act of assembly of this state, is, that they should be so plainly expressed, that, by a fair construction of the whole instrument, or by reference to something dehors the award, the party may, by averment, cure an objection, which might otherwise be fatal. As, if the award be, that one of the parties should pay his proportion of the loss, which should happen to the ship during the voyage, and of the expenses of the voyage; or to pay the charges of a suit; or all such moneys as the other had expended in the prosecution of a suit; these uncertainties may be cured, in the first instance, by calculation; in the second, by reference to the attorney's bill; and, in the third, by showing, in fact, what sum was laid out. But, if there be no means of arriving at a reasonable degree of certainty, by the aid of the thing referred to, the uncertainty cannot be helped by averment; as, if the defendants be ordered to pay so much as is in conscience due, or to pay for a certain quantity of wheat, so much as that article is then sold for, without naming some place; there is no possible means of ascertaining what sum should be paid; and the arbitrators were the persons chosen to ascertain it. The principles upon which these rules are founded, apply with equal force to reports made under rules of this court, in virtue of the law of this state, as to common awards. I can perceive no reason for a more liberal extension of them to the former, than to the latter. There is, I admit, an important difference between them, as to the means of obtaining information of the grounds on which the arbitrators proceeded. In the former, the referees may be called upon to disclose the facts upon which they formed their opinion; whereas, in the latter, this cannot be done at law; and even in equity, the arbitrators may demur to a bill to compel them to discover the grounds on which they made their award. We have examined all the printed cases, adjudged in the superior courts of this state, upon the subject of these reports, made under rules of court; and cannot find a single instance, in which the referees have been called upon to explain, what, upon the face of the report, appeared vague and uncertain. In Young v. Reuben [1 Dall. (1 U. S.) 119], £75 was reported to be due on a certain day, prior to the meeting of the referees, with interest on the same. But, the report was set aside for uncertainty, although the referees must have meant, that it was due on the day the report was made, and might so have explained it, had they been called upon. Perhaps the court might, without going too far, have so construed the report; but, it proves, that a remedy for the mistake was not sought for in the explanation of the referees. In Brown v. Scott [Id. 145], where five several actions were referred, and only one report made, the majority of the court were of opinion, that the agreement of reference, amounted to a consolidation of all the actions, and, on that account, confirmed the report; but, it seems never to have occurred to either of the judges, to cure the mistake by examining the referees, with a view to divide the sum, as was proposed by the counsel. In the case of Hart v. James [Id. 355], the report was set aside, because the referees had consolidated two actions, and the court refused to receive a supplemen-

tary report, which the referees had voluntarily given, stating how much was due in one action, and how much in the other. The objection to the last report, as being irregular and ex parte, was, we think, a solid one; but, still, there was no attempt to cure the mistake, by examining the referees in court. The only points decided in Kunckle v. Kunckle [Id. 364] were, that, if one of the parties be ordered to perform a specific act, he may be compelled by attachment to do it; and, that it is no objection to entering up judgment for the other, that the remedy for each party is not the same. The court also determined, that, in general, they would see that the report was executed, agreeable to the intent of the referees, and the justice of the case. That court, possessing a mixed jurisdiction of law and equity, might, very properly, impose equitable terms on the parties; and so would this court, either on its law, or equity side, where a proper case for their interposition was made out. But, no question arose in that case, upon the form of the report.

Governing ourselves, then, by the rules above laid down; which are not opposed, but, on the contrary, seem to be sanctioned, by the decisions of the superior courts of this state; it remains to be inquired, whether the objections to the present report, are well founded, or not. The referees reserve the question respecting provisions delivered, or payments made to Henry Kingston, for the decision of this court. It is objected, that the amount, or value, of these provisions is not ascertained; nor is it stated, that they were delivered. If the submission does not refer these subjects of controversy to the court, then this part of the report is susceptible of another objection, equally fatal, i. e. that it amounts to a delegation of the powers, confided by the parties, to judges of their own choosing, to others, to whom the subject was not submitted. As to the provisions, it was agreed by the submission, that in case the referees should give, or allow, credit for certain provisions delivered to Henry Kingston, then the said item should be subject to the decision of the court, whether, under all the circumstances of the case, the same was a legal payment, binding on the plaintiff, and for which, the defendants are to have any, and what credit. The obvious meaning of the parties was, that the referees should pass an opinion on the subject, and should ascertain the amount of the credit, which they were to allow, in case they thought it ought to be allowed; subject, however, to the decision of this court, whether it was a legal payment. and whether it ought, or ought not to have been allowed. But the referees did not decide, whether this was a proper credit; from a misapprehension, I presume, of the meaning of the submission, from which they seem to have supposed, that this subject was exclusively reserved for the opinion of the court.

As to the payment made to Henry Kingston, the plaintiff's counsel were candid enough to acknowledge, that this part of the report cannot be supported; and to cure the error, offered to release so much of the sum awarded the plaintiff, as they say these payments amount to. But, in order to ascertain the sum so to be released, we must rely upon the explanations of the referees, which the principles before laid down, are intended to reprobate.

The latter part of the report is still more exceptionable, on the ground of uncertainty; because, even the referees themselves have come to no decision on the subject, which could assist the court, in ascertaining the credit, to which the defendant is to be provisionally entitled. It declares, that a bill of exchange drawn by Henry Kingston, for £200 sterling, endorsed by the plaintiff, with damages and interest, is to be deducted from the sum reported due to the plaintiff, so soon as the said bill is delivered up to the plaintiff. Now, we cannot discover, from the report, whether this is a bill which entitles the holder to twenty per cent., or to any other rate of damages, fixed by law, or to interest. On the contrary, it appears, from the examination of the referees, that both are uncertain, and might depend upon circumstances, respecting which, different opinions might be formed. Were judgment entered upon this report, and should the bill, at some future day, be delivered up, I know not how execution could issue, or in what manner the court could enforce, by attachment, the performance of this part of the report.

The seventh and eighth exceptions to the conduct of the referees, in excluding the third referee, are not supported by the evidence; inasmuch as it appears, that after every effort to produce a coincidence of opinion, between that third referee, and the two who signed the report, the former withdrew, and declared, that it would be unnecessary for him to be again called to meet on the subject. We avoid saying anything upon the merits of the case, that we may feel ourselves perfectly at liberty, should this cause be tried before a jury.

The report set aside.

