CHITTENDEN<br>January,<br>1831.<br><br>State<br>vs.<br>Catlin

Judgement must be rendered on the verdict.

*Adams*, for state.

*Bailey & Marsh*, for respondent.

------~~~⬛~~~------

## SILAS B. HAZELTINE *vs.* AARON SMITH.

FRANKLIN,<br>January,<br>1831.

Where referees, after having made their report, and handed it to the attorney of the
recovering party, discovering they had committed a mistake in computation, made
an additional report, stating the error, and requesting to have the same made a
part of their former report,—it was held that such additional report, having been
seasonably filed in court, was a part of the first, and that both ought to be taken
together as forming the true report of the referees.

When the report of referees is not sufficiently explicit for the court to render judgement
for the sum which the referees intended to find, the report must be sent back to the
referees that they may make it more clear and explicit, so that a judgement may
be rendered thereon conformable to their intentions.

Referees are not obliged to decide according to strict principles of law, but may dis
regard them altogether, and adopt certain principles of equity or justice; and in
such case their report will not be rejected for a mistake in law, unless impartiality
or corruption can be attributed to them.

A mistake made by referees on the principles they adopt in making their decision may
be good reason for setting aside their report; and

If they discover any error in computation, or any clerical mistake in drawing up the
report, it is their duty to correct it while the report is under their controul.

This case came before the court on the report of referees.
There were three causes between the same parties which had
been referred to the same referees.    In the present case they had
reported that the defendant recover of the plaintiff the sum of
twenty nine dollars and seventy eight cents damages.    After they
had drawn up the report and given it to the attorney of the defen-
dant, they discovered they had committed a mistake in computa-
tion, and before the setting of the court to which the report was
returnable, they made an additional report, as follows : " That
" on further reflection on the subject, and examination of some
" minutes we made of the several items of the accounts allowed
" by us, we find a mistake or error of $20,25 against the plaintiff,
" *Hazeltine*, in the cause in which our report was in favor of the
" defendant, *Smith*, for the sum of about $11,13, which sum was
" by agreement of parties to be deducted from the other report
" which was in favor of *Hazeltine*.    We wish therefore, that said
" error may be rectified, that justice may be done between the
" parties ; and if proper, would make the above a part, and wish

" the court would attach the same to our former report." This additional report was filed in court, and exceptions were taken to the whole by *Hazeltine.* The court accepted the first report, disregarding the additional one, and rendered judgement accordingly. The case was reserved for the opinion of this Court.

After argument,

WILLIAMS, J., *delivered the opinion of the Court.*—It appears that this cause, together with others between the same parties, was by the county court referred to referees, who having met and heard the parties, made their report for the defendant, *Smith,* to recover of the plaintiff twenty nine dollars seventy eight cents; and gave their report to the defendant's attorney to carry up to court for acceptance. Before the acceptance, and before the setting of the court, they discovered that a mistake had intervened in the computation of some of the demands which had been before them, which if corrected would have made a material alteration in the result to which they arrived. They, therefore, made an additional report, stating the error, and requesting to have the same attached to, or made part of, their first report. This additional report having been filed, exceptions were then taken to the whole by the plaintiff, *Hazeltine.* The county court accepted the report, and rendered judgement for the defendant to recover the sum as first reported; and on exceptions taken to this judgement, the cause is brought here.

The principles by which courts are governed in accepting or rejecting reports of referees, have been settled by this court in several cases, and are familiar to the profession. If the referees attempt to decide according to law, and mistake the law in their decision, and a different result would have been produced if the law had been correctly decided, their report founded upon such decision will be set aside. The referees, being judges of the parties' choice, are not obliged to decide upon the strict principles of law, but may disregard them altogether, and adopt certain principles of equity or justice to govern their decision; and, in such a case, unless partiality or corruption can be attributed to them, their report will not be set aside for a mistake in law. A mistake made by them on the principles which they adopt in making their decision, as mistaking a fact, or an error in computing or stating an account, may be a reason for setting aside their report: and it is on this ground, because it is not the report which they intended. A mistake in computation may, in ordinary cases, be cor-

rected by them, or by the court in rendering judgement. If the mistake is discovered before their report is accepted, or before the rule has expired, it is usual for them to amend the report and make it conformable to their intention. Having once heard the parties and made their award, the referees cannot again go into a hearing of the parties, nor receive any new or additional evidence, unless by mutual consent : but if they discover any error or mistake in computation, or any clerical error in drawing up the report, they may correct such error or mistake, and it is their duty so to do, while the report is under their control. If the mistake is not discovered until after the report is filed in court, it may be out of the power of the referees to correct it ; but this will afford sufficient reason to the court for setting such report aside and rendering no judgement thereon, unless the same is recommitted for the purpose of having it made conformable to the intention of the referees, either by consent of the parties or by order of court.

It must be the object of the court to render such a judgement as the referees intended, and if this cannot be done, either in consequence of an error made by them, or in consequence of the report having been made in such a manner, that their intention cannot be discovered or carried into effect, the report will be set aside, and the parties left to contest their claims in the usual and ordinary way in which other claims are litigated. In this case, if the first report, and what has been called the additional or supplemental report, were properly before the county court, they unquestionably erred in the judgement which they rendered, as it is apparent, that the referees in their first report made a mistake in computation, and if that mistake had been corrected, a different result would have been produced, and a balance found due from the defendant instead of the plaintiff. The defendant is, therefore, endeavouring to obtain a judgement which the referees never intentionally awarded. Whether from both reports together such judgement could have been rendered, or whether some further explanations or statements of the accounts and claims might not have been necessary in order to render judgement thereon, is uncertain. But our present inquiry is whether the judgement which the county court *did* render is erroneous or not. If the additional report had not been made, yet the same facts which appear therein substantiated in a proper and legal way, either by affidavit or otherwise, would have afforded a sufficient reason for setting

FRANKLIN,
January,
1831.

Hazeltine
vs.
Smith.

aside the report, and the court could not with propriety have accepted the same and rendered judgement thereon.

It has been strongly insisted on in the argument, that the additional report is not to be taken into consideration, nor regarded as any part of the proceedings; and it is on this point alone that any difficulty has arisen with us, in coming to a conclusion in the case. We, however, must notice it as a part of the record. It comes here as such : it was before the county court; was referred to as part of the report excepted to : it appears both by the direction and date to have been made before the commencement of the term of the county court, and before the first report was filed, and while it was in the power of the referees to correct any errors which had intervened in computation. It does not appear at whose suggestion, or by whose procurement, it was made; and it may have been solely at the instance of the referees. It was not making any new award—any new decision upon evidence, nor adopting any new principles to govern the decision, but merely an amendment for the purpose of correcting a mistake. There is nothing in the additional report which, of itself, precludes it from being received as additional to, or a part of, the first report. We must, therefore, consider it as made by the referees before the first report was returned into court, or made by permission of the county court. And unless so made, the county court should have ordered it taken from the files and records.

The additional report must then be taken to be part of the first report, and from both of them together, it appears that the sum first reported, and for which judgement was given, was not the true balance between the parties; and the judgement of the county court for that sum was therefore erroneous. The report, with the additional one, was not sufficiently explicit for the county court nor for this Court to render judgement for the sum which the referees intended to find. The report should, therefore, not have been accepted, but the referees ought to have been permitted to have made it more clear and explicit, and state the different claims adjudicated by them, with such accuracy that the court might render a judgement conformable to their intentions. If the defendant was not willing to take such judgement as the referees intended, he must submit to have the claims investigated in due course of law, and not insist on a report which the referees have declared to be erroneous and founded in mistake.

The judgement of the county court must be reversed, and the cause remanded for trial.

HUTCHINSON, J.—I find difficulty in agreeing to the decision now made, on account of the shape in which the cause comes before us. We are deciding as upon a writ of error, and must decide upon the facts, that appear of record. There is nothing that shows that the second report, as it is called, ever became a part of the record. There appears no motion to the county court to recommit to the referees, that they might amend their report. Nothing appears that the court treated it as a part of the case. As a matter of evidence they might well have rejected it as not under oath. It has come up to this Court with the files. So might an affidavit, or deposition have come, and be no part of the record, unless referred to in the record as a part thereof. The regular way would have been for the plaintiff to have procured an affidavit of one or more of the referees, showing the mistake, and presented that to the court, with a motion to recommit for the purpose of rectifying the mistake. Then the court, without setting aside the report, or acting upon its merits, might recommit, and then the report coming in, amended under the sanction of the court, would present the whole facts to be acted upon by that court, and this as a matter of record. Probably, in this case, better justice may be done by this decision. For, if the facts stated in this second report are true, there was a mistake which turned the whole cause the wrong way. The referees found a balance for the defendant of $11 ; and as three actions were referred, this decision drew after it two bills of cost, making about $29 in the whole. If the mistake of $20 is rectified, it will turn a balance of about $9, in favor of the plaintiff, and carry with it the two bills of cost in the other suits. But I find no such record evidence of these facts, that I can give relief upon a writ of error.

Read, and Hunt & Beardsley, for plaintiff.

Smith, for defendant.