GOMEZ *vs.* GARR.

Where, after a suit in chancery had progressed to an order of reference to a master to state an account, the complainant *assigned* all his estate and effects as an insolvent debtor, and it was then agreed between the solicitor for the complainant and the defendant, to submit the question to the master, whether the suit could be further prosecuted or not, and if he should be of opinion that it could not, then it was agreed by the solicitor, as the attorney and of counsel for and acting on behalf of the holders and owners of certain acceptances, the subject matter of the suit, on the one part, and the defendant on the other, that all claims and demands upon or relating to the acceptances, and all matters of set-off, should be referred to the arbitrament of the master, and in case of any sum being awarded to be paid by the defendant, time should be given him for the payment of the same, until a certain day; and the master determined that the *suit did abate* by the assignment, that the *plaintiff* was the true and *lawful holder* of the acceptances, that the defendant was bound to account to *him* for the monies in his hands, belonging to the drawer of the bills at the time of the acceptances, that each party should pay his own costs in the suit in chancery, and that the expense of the arbitration should be bone by them equally; *it was held*, notwithstanding a plea of the *assignment* of the estate and effects of the plaintiff, previous to the making of the award, that the award directing payment to *him* was good, that the arbitrator had not exceeded his authority, that the day of payment having been agreed on in the submission the omission to specify it in the award was immaterial, and that the order in relation to costs, if not within the submission, being void only *pro tanto*, did not destroy its validity as to the residue.

Where a defendant pleaded *non-assumpsit* and three special pleas, and the plaintiff put in a *general demurrer*, it was held, that such demurrer did not apply to the plea of the *general issue*, the demurrer purporting to be an answer to the several pleas of the defendant, by him pleaded to the first, second and third counts of the declaration, and the plea of the general issue being to the whole declaration, and not specifically to either count.

DEMURRER to pleas. The plaintiff in his declaration, after reciting that a certain suit in equity was pending between him, as complainant, and the defendant, and that certain differences existed between them, as well as to *the right of the plaintiff* further to prosecute such suit *in his name*, as of and concerning certain acceptances made by the defendant upon two certain bills of exchange, drawn upon him and another person by one A. Holbridge, in favor of two individuals, who had endorsed the bills to the plaintiff, and of and concerning

certain matters of set-off claimed by the defendant in his an-
swer and otherwise averred, that for the putting an end to
such differences, he and the defendant, on the 23d *Novem-
ber*, 1826, entered into an agreement in writing, entitled in
the chancery suit, signed by the defendant in his proper
person, and by and in the name of H. S. Mackay, solicitor
for and in behalf of the complainant, by his direction and as-
sent; by which it was agreed, after admitting that the com-
plainant, on the 30th *October* then last past, *assigned* all his
estate and effects to three persons, (naming them,) assignees
appointed by the recorder of New-York, under the *act to
abolish imprisonment for debt in certain cases*, that the question
should be submitted to Thomas Bolton, master in chancery,
upon the pleadings and papers in the cause, *whether the suit
in chancery could be further prosecuted by the plaintiff or not*, it
not being stated in the bill, or otherwise appearing by the pro-
ceedings in the cause, that he sued in *auter droit*, or on be-
half of some other person or persons; that should the mas-
ter be of opinion that the plaintiff could, notwithstanding his
assignment, continue to prosecute the suit, then that he
should proceed under the rule of reference, theretofore made
therein, to hear the parties and make a report, and the cause
should be set down for hearing, on the report at the next
term; that should the master be of opinion that the plaintiff
could not further prosecute his suit, then it was agreed be-
tween H. S. Mackay, *attorney and of counsel for and acting
on behalf of the holders and owners* of the two acceptances, and
the said defendant, *that all claims and demands upon or re-
lating to the acceptances, and all matters of set-off* or defence
to such claims and demands should be referred to the arbitra-
ment of the said Thomas Bolton, who should, on such arbi-
tration, not only take into consideration the credits claimed
by the defendant in his answer, but should also credit him
certain payments specified in the agreement; and in case of
any sum being awarded to be paid by the defendant, time
should be given him for the payment of the same until the
30th day of July then next. In consideration whereof, and of
the promise of the plaintiff to abide by and perform the award
of the arbitrator, to be made between them, of and concern-

ing the differences aforesaid, on his part to be done and performed, the defendant undertook and promised the said plaintiff to abide by and perform such award in all things on his part to be performed.    The plaintiff then averred that on the 15th July, 1827, the arbitrator made his award, and did thereby *award*, arbitrate and determine that the suit in chancery did abate by the assignment made by the plaintiff; that the plaintiff was the true and lawful holder of the two bills of exchange; that the defendant was therefore *bound to account to the plaintiff* for the monies in his hands belonging to the drawer of the bills at the time of their acceptance, being the sum of $1564, 31; that the defendant was entitled to certain credits, (particularly enumerated in the award, and that these being deducted, left the *balance due from the defendant to the plaintiff*, $1492,07; that each party should pay his own costs of the suit in chancery; and that the costs of the arbitration, amounting to $34,14, should be paid by them in equal shares, each paying half; the whole to be advanced by the plaintiff, and the one half charged to the defendant; and he further awarded that the said sum of $1492,07, and $17,07, the moiety of the expenses of the arbitration, should be paid by the defendant *to the plaintiff*; and that the payment should be a perpetual bar and discharge of *all claims and demands of the plaintiff*, as the holder of the bills of exchange, and of the several other matters by the agreement submitted.    Notice of the award was averred, and breach of performance alleged.    There was also a count for money lent, &c. and another on an account stated.

The defendant pleaded, 1. *Non-assumpsit*; 2. That after the drawing, accepting and endorsing of the bills of exchange in the *first count* of the declaration set forth, to wit, on the 11th August, 1826, the plaintiff presented a petition to the recorder of New-York, to be discharged as an insolvent debtor, under the "act to abolish imprisonment for debt in certain cases;" that on 30th October, 1826, the recorder directed an assignment of the estate of the plaintiff to certain persons, (naming them,) as assignees, and that on the same day, before the making of the award in the first count mentioned, the plaintiff *did assign all his estate, real and personal*,

both in law and equity, &c. to the persons named by the recorder, to and for the use of the creditors of the plaintiff; by reason whereof *the assignees became the true and lawful holders and owners* of the bills of exchange, and entitled to the monies due thereon ; 3. *Actio non*, as to first count, because the plaintiff *was not*, at the time of the making of the agreement in the first count of the declaration mentioned, *the holder and owner* of the said acceptances ; and 4. To the *second* and *third counts* of the declaration the defendant put in a plea similar to his *second* plea, averring that *after* the making of the promises and undertakings in those counts mentioned, the plaintiff executed the assignment directed by the recorder, and stating that by reason of the assignment, the assignees became entitled to the debts, sums of money or causes of action in those counts mentioned.

The plaintiff *demurred*, commencing in this form : "And the said plaintiff, as to the said several pleas of the said defendant, by him above pleaded to the said first, second and third counts of the plaintiff's said declaration, saith," &c.

*H. S. Mackay*, for the plaintiff.

*J. L. Wendell*, for the defendant.

*By the Court*, SUTHERLAND, J. The substance of all the special pleas is, that the plaintiff's interest in, and right of action upon the bills, passed to his assignees under the insolvent act, and that they are the parties who should have brought the suit, and not the plaintiff. The plaintiff contends that his right to sue is established by the award of the arbitrator, and that the defendant is concluded from again raising that question. That the award does decide that the plaintiff was the true and lawful holder of the bills, is not denied ; but it is contended that that question was not embraced in the submission, and that the award therefore was in that respect void.

It is true that the submission does not, in terms, direct the arbitrator to determine to *whom* the balance, if any, which might be found due from Mr. Garr upon these bills should be paid. But it appears on the face of the submission that it was admitted that Mr. Gomez had no beneficial interest in

these bills, and that he acted throughout, in this matter, on the behalf of other persons. The difficulty in relation to the suit in chancery was, that that fact did not appear upon the pleadings and papers in the cause ; and in as much as it did not appear, the question submitted to Mr. Bolton was whether, in judgment of law, the suit was not abated by the general assignment of all his choses in action, as made by Gomez. It will be observed that the submission itself is not in the name of Gomez, but in the name of *Henry S. Mackay, attorney and of counsel for, and acting on behalf of the holders and owners of the two acceptances,* of the one part, and Garr, of the other. It was obviously the intention of the parties that the whole matter should be disposed of by the arbitrator. Mackay represented all the persons interested in the bills. Whether the sum which might be found due from Garr should be directed to be paid to Gomez, the holder, or to the beneficial owners of the bills, was a matter of indifference to him, as the holder and owners acted in perfect harmony, and Mackay represented them all. The agreement, under such circumstances, that the arbitrator should determine whether any, and if any, what sum was due *from* Garr, seems necessarily to imply that he should also decide *to whom* it was due and was to be paid. I am inclined to think, therefore, that the decision of the arbitrator upon this point was within the submission, and that the defendant is estopped by the award from denying the plaintiff's right to bring this action, on the ground stated in his special pleas to the first count, and that the demurrer as to the pleas to that count is well taken.

The second and third counts were the common money counts and an account stated. They allege the defendant's indebtedness to have accrued, and his promise to have been made, on the 31*st* *July*, 1827. The plea to these counts is the same as the special pleas to the first count; that is, that the plaintiff cannot maintain the action, because in October, 1826, he was discharged under the insolvent act, and made an assignment of all his property. Now an assignment made in October, 1826, could not affect a cause of action which accrued, and a promise which was

made in July, 1827, nine months afterwards. But if the de-
fendant considers these counts, though general, as being for
the same cause of action embraced in the first count, then
the reasons which have already been stated in relation to the
pleas to that count, are applicable to the plea to these, and
on either ground the demurrer is well taken. The plaintiff,
however, asks for leave to enter a *nolle prosequi* upon the
common counts, and to take judgment upon the first count
only, to which I perceive no legal objection.

It was said by the counsel for the defendant, that the de-
murrer embraced the plea of the *general issue*, as well as the
special pleas, and thereby admitted the defence. This is a
mistake in point of fact. The demurrer is expressly *to the
said several pleas* of the said defendant, by him above plead-
ed to the said *first, second,* and *third* counts. Now the plea
of the general issue was to the *whole* of the declaration, and
not to *either* of the counts by name. There can be no doubt
that it was the intention of the pleader to demur only to the
special pleas.

It was also said that the award did not conform to the sub-
mission, inasmuch as by the submission the defendant was to
have until the thirtieth day of July succeeding, to pay what-
ever balance should be found against him, whereas, by the
award, he was simply directed to pay, without any such ex-
tension of time. The award not designating the time of pay-
ment, that is regulated by the submission. The time of
payment was settled by the parties. It was unnecessary for
the arbitrator to say any thing about it in his award. He ac-
cordingly did not.

The costs were within the submission ; but if not, it would
only affect the award *pro tanto,* and leave the residue to stand.

On the whole, I think the plaintiff is entitled to judgment
upon the demurrer to all the special pleas, with leave, how-
ever, to him, to enter a *nolle prosequi* upon the common
counts, and take judgment only on the first count, if he
thinks it necessary or expedient to do so.