CALLAHAN v. M'ALEXANDER.

1. C, as the agent of O, entered into a submission with A, to refer certain matters to reference under the statute; the arbitrators made an award in favor of A, without stating against whom,—held that it was error to render judgment against C.

Error to the Circuit Court of Morgan County.

THIS was an award, made in pursuance to a submission, under the statute of this State.

The defendant in error, filed a statement before a justice of the peace, in the following words:—" Whereas William Callahan, as agent of Patrick O'Neal, employed Edmond T. McAlexander, and five negroes, to go to South Alabama, and there to be in the employment of said O'Neal for the present year, for which the sum of three hundred and seventy-three dollars, were to be paid for the negroes, and if the parties could not agree, referees were to settle the same, for the said McAlexander; and in consequence of which contract, the said McAlexander sold his plantation and house and kitchen furniture, together with his crop, stock, tools, &c.—and is thrown out of employment, as the said Callahan agent of said O'Neal has informed said Mc-Alexander, that he does not wish the services of said negroes for himself, nor is he able to comply with the contract, which refusal to comply at this time and furnish employment, is now

ade the ground of action. The said McAlexander claiming to
greatly injured by the disappointment. Now, the object of
is arbitration, is to ascertain whether any, and if any, what
ount of damages should be paid the said McAlexander, for
said disappointment.

Then comes the following agreement of submission to arbi-
tion:

"State of Alabama, Morgan County—ss.

" January 30th, 1839.—Know all men by these presents, that
Edmond T. McAlexander, of the county of Morgan, and State
of Alabama, and William Callahan, have agreed to leave the
demand made by said McAlexander, against the said Callahan,
which is hereunto annexed, to the determination of Hugh D.
Morrow, Samuel Breedin, Aaron Perry, John McKenzie, Ma-
thew W. Troup, and Robert Stewart; the report of whom, or a
major part of whom, being made as soon as may be, to any court
of record of said county; if the amount exceed fifty dollars, if
not to any justice of the peace of said county, judgment thereon
to be final; and if either of the parties should neglect to appear
before the referees, after proper notice has been given of the
time for hearing the parties in this action, which notice the refe-
rees shall be the judges of, they shall then have power to pro-
ceed *ex parte.*        [Signed]

"E. T. McALEXANDER,
"WILLIAM CALLAHAN."

This agreement was thus acknowledged:

"State of Alabama, Morgan County—ss.

" This day the above named Edmond T. McAlexander, and
William Callahan, agent of Patrick O'Neal, appeared personally
before me, and acknowledged the above instrument, to be their
free act. Given under my hand, this 30th January, 1839.

"WILLIAM MORROW,
*"Justice of the Peace."*

On the back of the agreement, this endorsement is made:

" We, this day confess full service of notice; 30th January,
1839.

"E. T. McALEXANDER,
"WM. CALLAHAN."

Justices certificate of oath administered to the arbitrators.

STATE OF ALABAMA, MORGAN COUNTY—ss.

" The oath prescribed by law, this day by me administered to the within named arbitrators; 30th January, 1839.

" WM. MORROW,
" *Justice of the Peace.*"

The arbitrators made their award as follows:—" We, the undersigned referees, having taken the ground of action into consideration, and having the statement and evidence on both sides, do award to E. T. McAlexander, five hundred and eight dollars and sixty-six cents damages.

" Somerville, Alabama, Morgan county, 30th January, 1839. Given under our hands and seals."

Signed and sealed by the arbitrators.

Upon this award, the following judgment was entered at the March Term of Morgan circuit court, 1839. Edmond T. McAlexander v. William Callahan.

This day came the plaintiff, by his attorney, and also, came the defendant, by his attorney, whereupon the plaintiff produced to the court the award of the referees in this case, which is in these words:—" We, the undersigned referees, having taken the ground of action into consideration, and hearing the statement and evidence on both sides, do award to E. T. McAlexander, five hundred and eight dollars and sixty-six cents damages."

And it being in proof to the court, that they were the referees appointed by order, issued by William Morrow, a justice of the peace for the county of Morgan, in which county the parties live; and that the parties appeared before the referees, confessing due service of notice, and that the referees were duly sworn by Wm. Morrow, a justice of the peace for said county; and the signature of the referees being also proved, it is therefore considered by the court, that Edmond T. McAlexander, do recover of William Callahan, the said sum of five hundred and eight dollars sixty-six cents damages as aforesaid, together with the costs of the reference, about the suit in this behalf expended.

From this judgment Callahan prosecutes this writ of error, and now assigns for error—

1. The agreement between the parties, does not disclose the matter in dispute which was submitted, and the demand referred to in the agreement as annexed thereto, is not, and does not, appear to have been annexed.

2. It does not appear that the matter decided by the arbitrators, is the same matter which was submitted.

3. The agreement was to submit a demand made by the defendant in error, against the plaintiff in error, and the report made by the arbitrators show their award was for a demand for which one Patrick O'Neal was liable, which arose out of the contract, that the report shows the plaintiff in error, as the agent of O'Neal; and with his authority, made with the defendant in error.

4. The award of the arbitrators does not ascertain and mention the person who is bound to pay the amount of the damages, that the award allows to the defendant in error.

5. The record does not show, that the arbitrators took an oath, before they entered on the discharge of their duty, and the oath which it appears was administered to them, does not appear to be such an oath as the statute requires.

6. The arbitrators appointed no time and place to hear the parties, nor does it appear from their report, that the plaintiff in error was present when they acted, or consented that they might determine, as they did determine, on the same day that the agreement was made.

Hopkins, for the plaintiff in error.
McClung, contra.

ORMOND, J.—This arbitration was had, under the authority given by the statute for that purpose, to be found in Aikin's Digest 38, by the seventh and concluding sections.

The 5th and 6th assignments of error, are contradicted by the record;—it does sufficiently appear, that the oath which the law requires, was administered to the arbitrators, and that the plaintiff in error had notice of, and was present, when the award was made. But notwithstanding the disposition of this court, to sus-

47

tain, and if possible to give effect, to this mode of settling controversies, it is impossible to sanction the judgment in this case.

The demand made by the defendant in error, and all the proceedings in the cause show, that the claim was asserted against O'Neal the principal, and not against the plaintiff in error, who was merely his agent. It is true, that an agent may make himself responsible for his principal, but that is not a usual, and by no means a necessary consequence, of his assuming to act as an agent; which is the position he occupies, from the statement of the defendant in error. There is no allegation, that he exceeded his power, or had not authority to bind O'Neal, his principal. Nothing therefore is shown on the record, from which we can infer, that the demand was asserted against Callahan, individually. The strongest circumstance tending to that conclusion, is, his signing his own name to the submission; but that is explained by the certificate of the justice, on the same paper; who states that Callahan acknowledged the execution of the bond as the agent of O'Neal, which bond, by the seventh section of the act referred to, we find an agent may execute.

But independent of these considerations, the award does not purport to be against Callahan. It awards a sum of money to the defendant in error, and we think it very clear, that the court erred in supposing that it was awarded against Callahan. In the absence of an express assertion to that effect, we must presume it was awarded against the person, who, on the record appears to be alone responsible to the defendant in error, and against whom the charge was asserted.

In the case of Price v. Kirley, at the last term, we held, that no objection could be made in such a case as this, which was not made in the court below; unless the award did not decide the matter in controversy. Here, as we understand the record, Callahan had not submitted any matter to the arbitrators, but as the agent of O'Neal, it was therefore error in the court to render judgment against him individually, and is within the opinion of the court in the case just cited.

Let the judgment be reversed, and the cause remanded.