EDMUND CARPENTER *vs.* EZEKIEL WOOD.

A submission was made to the arbitration of three persons, with an agreement that their award, or the award of a majority of them, should be final : All the arbitrators met and heard the parties, but after consulting together at different times, and not agreeing on an award, one of them told the others that he should not sit with them again :   The two others afterwards met and made an award, without requesting the attendance of the third, or giving him notice.   *Held* that the award was valid.

COVENANT BROKEN.    The alleged breach of covenant was, that the defendant had neglected and refused to perform an award of arbitrators.    The defence was, that no valid award had been made.    At the trial, the presiding judge, after all the evidence was introduced, proposed to reserve the question, whether the award was valid, for the consideration of the whole court.    A nonsuit was thereupon entered, which was to be confirmed or set aside, as that question should be decided.

The instrument of submission was under seal, dated May 26th, 1838 ; and the terms thereof and the proceedings of the arbitrators under it, so far as they affected the decision of the cause, are stated in the opinion of the court.

*Washburn*, for the plaintiff.

*C. Allen*, for the defendant.

PUTNAM, J.    This is an action to recover for the amount of an award.    The plaintiff having granted to the defendant a right to flow his land, and also to dig a trench through it, submitted, with the defendant, the amount which the defendant should pay for the said grant, to Aaron A. Wallis, Samuel Balcom, and Amos Fairbanks, the award of whom, or the majority of whom, upon the subject matter of damages and costs, to

be final and conclusive ; provided they should give reasonable notice to the respective parties of the time and place of meeting : And if either of the referees should decease, the remaining two should choose another in his stead, immediately : If two should decease, the survivor should immediately choose one other, and they two should choose a third, whose award should be alike final. And the parties agreed, that the referees should meet to award upon the damages done under the defendant's mill-dam, as it then was, on the first week in July then next ; and might be called by either party : And if either party should revoke the submission, he should forfeit and pay to the other $ 500 ; and if the defendant should revoke, then the plaintiff's said grant was to become void, and he was to have his damages as the law provides.

It is proved that all the referees met and heard the parties, on the 6th of July, 1838, and adjourned to the next day, when the hearing closed. All the referees then took the matter submitted to them into their consideration, and, after deliberating upon the same for some time, separated without coming to any agreement. And they all met again, in three or four weeks, and they then differed more in their opinions than they did at their first meeting. The referees all met again in November, and concluded not to make any award then. One of them, (Wallis,) then said he should do no more, with the other referees, about it ; and that *he should not sit with them any more, because they could not agree upon the award which should be made.* Accordingly, the other two referees, on the 18th of February, 1839, made the award, which is now in question, in the absence of Wallis, who had no notice to meet them on that day ; and the award, thus made, was then delivered to the plaintiff, both parties being then present.

It is also proved that the award was made up from the hearing before all the referees in July, and that no new hearing of the parties was afterwards had before either of the referees And the question is, was that award valid.

It is not suggested that Wallis, the chairman, was prevented, by any fraud, from meeting and consulting with the other refer-

ees, so long as he chose to consider himself as acting under the commission. If he voluntarily withdrew, after the hearing and consultation before the three, it is not contended by the defendant, but that the majority of the arbitrators might proceed to make their award against his consent. The case of *Dalling* v. *Matchett*, Willes, 215, goes much further than is contended for the plaintiff in the case at bar. In that case, the submission was to three arbitrators, " so that they, or any two of them," might make an award. One of them did not attend, though he might have attended if he would, and the award was made by the two others. It was agreed by *both sides*, that if the third had met and heard the parties with the other two, the majority might have made a valid award. But it was held, that where the third had had sufficient notice of the meeting of the arbitrators, (as was admitted or proved to have been given in that case,) but would not attend, the two others had authority to meet, hear, and award. " If," said the court, " either by obstinacy, or at the desire of the defendant, or being hindered by business, the third arbitrator absented himself from the meetings, having had due notice thereof, we are of opinion that the award is good. Otherwise it would be in the power of one of the parties to trick the other, and entirely to defeat him of the benefit of the reference." *S. C.* Barnes, (3d. ed.) 57. The latter remark would apply more strongly, where one of the referees should withdraw after the hearing before all of them.

So, according to *Sallowes* v. *Girling*, Yelv. 203, (*S. C.* Cro. Jac. 277. 1 Brownl. 112.) on a submission to four, by bond, on condition to stand to the award of them or of any two of them, any two may arbitrate and award.

It is, however, well settled here, that in case of a submission, under *St.* 1786, *c.* 21, to three, " the report of whom, or of any two of whom, to be made," &c., all must *hear* the parties , but that a majority of the referees may make a valid report, against the consent of the third. *Short* v. *Pratt*, 6 Mass. 496. *Walker* v. *Melcher*, 14 Mass. 148. See also *McInroy* v. *Benedict*, 11 Johns. 402. And so is the civil law. Where there is a submission to three, an award of two is not valid, if the

third did not attend ; for the reason, that if he had attended he might have drawn his brethren to a different opinion.  Kyd on Awards, 105, 106.

Now in the case at bar, Wallis, the chairman, did attend with his brethren, and they all heard the parties.  It would not be competent for either party afterwards to annul the submission, against the will of the other ; nor would it be in the power of one of the abitrators to avoid the agreement of submission, by withdrawing from the trust.  *Haskell* v. *Whitney*, 12 Mass. 49. *Milne* v. *Gratrix*, 7 East, 608.

But the counsel for the defendant contends that the chairman, under the facts stated, cannot be said to have withdrawn, or so to have withdrawn, as to have rendered it lawful for his brethren to make the award, against his consent, and without any notice to him when they made it.

At the first meeting, it appeared, upon the consultation after the hearing, that the referees could not agree.  At a subsequent meeting, when all the referees were present, they concluded that they could not make a report *then ;* and then it was that the chairman said he should do no more with the other referees about it, and he should not sit with them any more :  And afterwards, to wit in September, he so informed the defendant.  The award was afterwards made, in February, by the majority, but without any new hearing of the parties, and without calling upon or giving notice to the chairman, that the majority of the referees were about proceeding to make their award.  And it seems to us, that any such notice would have been a work of supererogation, if not of impertinence.  What reason had the two referees to suppose that the third had altered his mind ?  He had already told the two, that he would not sit with them again.  He was not willing to award so much to the plaintiff as the others were.  They had conferred together once and again, and the more they conversed, the more they disagreed ; and such was their position when the chairman told the other referees that he would do no more about it with them.

No particular form of words is necessary to constitute a refusal to act, or a withdrawing from any further participation in

a trust of this nature. In *Kingston* v. *Kincaid*, 1 Wash. C. C. 448, it appeared, on examination of the referees, that the three often met upon the subject, but as one could not agree with the others, on important points of dispute, he said it was unnecessary to call upon him again, and he withdrew ; and the award of the majority, without any further notice to the third referee, was not held objectionable on that account. 1 U. S. Digest, Arbitrament, &c. 246. In *Cumberland* v. *North Yarmouth*, 4 Greenl. 468, *Mellen*, C. J. said, " if after a joint hearing of the parties and their proofs, in the first instance, and before a recommitment, one of the referees absent himself immediately, or refuse to consult with his brethren, or to give any opinion, then the other two have full power to decide the cause upon the evidence previously produced, and heard by all." And so in *Kunckle* v. *Kunckle*, 1 Dall. 364, an award signed by two of the three referees, without notice to the third, was sustained, where they agreed upon the substance of their report in the presence of the third referee, who declared his disagreement, and said the others could make the report without him. Having said that, it became unnecessary for the two to give him any further notice, before they made and signed the report.

On the whole, from the reasons as well as from the authorities before mentioned, we are of opinion that the nonsuit should be set aside, and judgment be rendered for the plaintiff, according to the award.