# REYNOLDS v. REYNOLDS.

1. An award must conform to the submission, under which it is made.

2. If arbitrators transcend their authority, the award, *pro tanto*, will be void, but it will be good as to the residue, unless that which is void so affects the merits of the submission, that it cannot, without injustice, be separated from the balance.

3. Every reasonable presumption will be made in favor of an award, and if, by the application of this principle, it can be brought within the submission, and is, in other respects, unobjectionable, it will be sustained.

4. An award is not objectionable for want of mutuality, which directs the payment of a sum of money by one party to the other, without prescribing any act to be done by the latter.

5. Where, under the submission of a cause, pending in court, to recover the amount of a bill single for $1,000, due the 1st of March, 1846, wherein I R is plaintiff, and W R is defendant, and in which the defendant has pleaded failure of consideration and fraud, the arbitrators award, "that the said W R, defendant, shall have and hold, the right, title and interest, in, and to the negro boy, Nelson, and that in consideration of the same, the note for $1,000, payable the 1st day of March, 1846, drawn in favor of I R, and signed by W R, be paid, and that W R, the defendant, pay the costs of the suit:" Held, 1. That the fair inference from the pleadings, and the language of the award, is, that the slave was the consideration of the bill single, and that the arbitrators merely decided, that neither of the defences, set up by the defendant, was valid. 2. That the award is not void for uncertainty, either in not naming the person to whom the money is to be paid, or in not specifying the amount of costs. 3. That in determining, that the defendant should pay the bill single, the arbitrators must be understood, as meaning, that he should pay it, according to its legal effect, with interest.

Error to the Circuit Court of Pickens. Before the Hon. S. Chapman.

THE defendant instituted an action in Pickens circuit court, against the plaintiff in error, on a bill single for $1,000, dated 14th October, 1841, and payable the 1st March, 1846. Pleas—1. Want of consideration. 2. Failure of consideration. 3. Fraud.

The record recites, that at the spring term, 1847, the par-

ties appeared by their attorneys, and it is agreed, that this cause be submitted to the arbitrament of Samuel G. Cochran, Bennett Atkinson, William Hughes and Joel Pearson, and that their award is to be made the judgment of the court. Four days afterwards, the arbitrators returned into court their award, in which they say, " in pursuance of said order, or rule of reference, having heard both the said parties, their allegations and answers, touching the matter in difference between them, and having thoroughly considered of the same, [we] do award, order and adjudge, of and upon the premises, in manner and form following : 1. That the said William Reynolds, defendant, shall have and hold the right, title and interest, in and to the negro boy, Nelson, and that in consideration of the same, we confirm, and order, or decree, that the note for $1,000, payable the 1st day of March, 1846, drawn in favor of Irby Reynolds, and signed by William Reynolds, be paid, and we do further award, that William Reynolds, the defendant, pay the costs of the suit."

At the fall term, 1847, the counsel of defendant in error moved the court to have the award entered as the judgment of the court, which was resisted by the plaintiff, on the grounds—1. That the arbitrators considered matters not referred to them. 2. That the award was not for any certain amount. The court overruled the objections, and entered judgment for $1,000, the principal sum of the bill single, with the further sum of $132, it being the legal interest thereon, from the 1st March, 1846, to the date of the judgment, and the costs of the suit. The rulings and judgment of the court, are now assigned as error.

HUNTINGTON, for plaintiff in error.

1. When it appears from the record of the judgment of the court, that the award did not decide the matters in controversy between the parties, the objection may be made for the first time in this court. Price v. Kirby, 1 Ala. 184.

2. The arbitrators assumed to adjudge, that the title of a negro boy named Nelson, should be in William Reynolds, and in consideration of a title supposed to be vested in him by their decree, or award, they directed him to pay the sum

of $1,000, with interest, costs, &c. This is a matter that could not arise under the pleadings. If the basis of the plea of want of consideration was, that the note was given for the negro Nelson, and that this negro belonged to a third person, who had always retained him, to the exclusion of the plaintiff in error's possession, then the title of this third person was no matter before the arbitrators, which they could control by their award; so in regard to the plea of failure of consideration, if the plaintiff in error had been compelled to surrender the negro to a third person having a superior title. Their award, therefore, is void. Martin v. Williams, 13 Johns. 264.

3. The award can only have the effect to vest the title to the negro in William Reynolds, as against Irby Reynolds. But if the note was given for the negro, then such was the state of the title before the award was made. The arbitrators, therefore, awarded nothing to William Reynolds, yet made that *nothing*, the consideration for which he is to pay the $1,000. If an award directs the performance of acts by both parties, and the award, as to the acts to be done by one of the parties, is void, and the void part is the consideration, or recompense of the thing awarded on the other side, the whole award fails. Nichols v. Rens. Mut. Ins. Co. 22 Wend. 129. In Pope v. Butt, 3 Saund. 292, the award was, that Butt should pay Pope the money due him "as well for task work as for day work," and then Butt should pay Pope £25, and mutual releases of all demands be executed. The court held the award wholly void, because Pope was awarded to pay £25, and execute a release, upon the supposition by the arbitrator, that he was first to receive pay for his task work and day work by virtue of that award, whereas he could have no remedy thereon, because no particular amount for such work was specified. So the award in the case at bar is void, because William Reynolds can have, upon the award, no action for that which is the consideration upon which he has been awarded to pay the money.

4. It is an admitted principle, that an award must be confined to the subject matter of the submission. In the present instance, by the rule of court, simply the cause was submitted to the arbitrators; in other words, that was submitted to

the arbitrators, which, without their appointment, would have been submitted to a jury.    Harding v. Beattie, 4 Dev. & Bat. 381; Duncan v. Duncan, 1 Ire. 467; 2 Chit. Gen. Pr. 106. This was merely the issues upon the pleas filed.    They had therefore merely to inquire, whether a want or failure of consideration, or fraud, could be set up against the instrument sued on.    By their award, they virtually admit that some one of these defences existed, and attempt to do away with the grounds of such defence, by applying a remedy of their own invention.    This supposed remedy they make the consideration, or basis, of their award against the plaintiff in error. But it has been shown, that while this part of the award, which is the consideration of the other part, professes to confer a benefit upon William Reynolds, it actually confers none. In attempting to apply this futile remedy against a defence, which by the attempt itself is admitted to exist, the arbitrators have not only gone beyond the submission, but have done a void act, which is so connected with the rest of the award, as to affect the justice of the case between the parties.    The award, therefore, is void for the whole.    Kyd on Aw. 246;   Brown v. Hankerson, 3 Cow. 70;   Huff v. Parker, 3 Yeates, 567; see also Duncan v. Duncan, 4 Ire. L. R. 467.

5. The judgment of the court does not follow the award, because the judgment does not say that the title to the boy Nelson shall be vested in William Reynolds.    Nor would the court have had the power to enforce such a judgment, if it had been rendered.    The arbitrators intended a benefit to William Reynolds, and charged him $1,000 for that which they intended.    The court could make him pay the money, but could not help him towards the enjoyment of its supposed equivalent.    In Kunckle v. Kunckle, 1 Dall. 364, the court say, "where a report of referees awards money to be paid on one side, and certain other things to be done upon the other, if the court cannot enforce both, they certainly will enforce neither."    According to this principle, the court below erred in the partial judgment which it rendered upon the award.

S. F. Hale, contra.

1. Under the provisions of our statute, great liberality is ex-
Vol. 15—51

tended to the awards of arbitrators, and it will not be set aside for any want of form, or other irregularity, if the matter in controversy is decided by the award, unless it is procured by fraud, corruption, or other undue means, which is not pretended in this case. Clay's Dig. 50, § 2, 3.

2. No objection can be urged against an award, in this court, that was not raised in the court below ; and all irregularities or defects not insisted on in the court below, are waived, and are not available on error in this court. Price v. Kirby, 1 Ala. 184.

3. The first objection urged against the award in the court below, is, that the arbitrators considered matters not referred to them. This objection cannot be available, for two reasons—1. It is necessary to state what matter it was that they considered, which was not referred, so that the court might determine whether, or not, it was relevant ; and 2. Whether, or not, the matter improperly considered by the arbitrators, has any necessary connection with the real matter in controversy, for if it has not, then it will not vitiate the award on the matter referred. 22 Wend. 129, and cases there cited.

4. Every presumption, not directly inconsistent with the record, will be entertained by the court, to sustain the award and the judgment thereon, so that the party impeaching it must show affirmatively on the record, the facts which vitiate the award, and judgment thereon, which is not attempted in this case. Tankersly v. Richardson, 2 Stew. 130.

5. The second, and only remaining objection, urged in the court below, is, that the award is not for any certain amount. This objection is certainly not sustained by the record. The award is, that the note for a specific sum of money, due at a specified time, shall be paid. This is sufficiently certain for all legal purposes. *Certum est quod, certum reddi potest.*

6. The argument of the plaintiff in error, is based upon facts which no where appear on the record, and therefore cannot have any weight. So far as the record shows, the only question submitted to the arbitrators was, whether the defendant below should pay the note sued on. They, by their award, say that he must pay it. The other part of the award is merely surplusage, and will not vitiate. The court below so regarded it.

COLLIER, C. J.—It is well settled, that an award must conform to the submission under which it is made.   Adams v. Adams, 8 N. Hamp. Rep. 82; Solomons v. McKinstry, 13 Johns. Rep. 27; Bean v. Farnam, 6 Pick. Rep. 269; Stevens v. Gray, 2 Harring. Rep. 347; Gibson v. Powell, 5 S. & Marsh. Rep. 712; Lee v. Onslott, 1 Arkansas Rep. 206. If, therefore, arbitrators transcend their authority, *pro tanto* their award will be void, and will stand good for the residue, unless that which is void, affects the merits of the submission, so that it cannot, without injustice, be separated from it ; but if it forms the consideration for what the other party is required to do, the award will be void *in toto*.   Taylor v. Nicholson, 1 Hen. & Munf. Rep. 67; Skillings v. Coolidge, 14 Mass. Rep. 43; Martin v. Williams, 13 Johns. Rep. 264; Cromwell v. Owings, 6 Har. & J. Rep. 10; Gordon v. Tucker, 6 Greenl. Rep. 247; McBride v. Hagan, 1 Wend. Rep. 326; Brown v. Warnock, 5 Dana's Rep. 492; Huff v. Parker, 4 Dall. Rep. 285; Gomez v. Garr, 6 Wend. Rep. 583; Id. 9 Wend. Rep. 649; Young v. Shook, 4 Rawle's Rep. 299; Banks v. Adams, 10 Shep. Rep. 259.

All reasonable presumptions shall be made in favor of awards; and if, by the application of this principle, an award can be brought within the submission, and is in other respects unexceptionable, it will be sustained.   Tankersly v. Richardson, 2 Stew. Rep. 130; Armstrong v. Armstrong, 1 Leigh's Rep. 491; Parsons v. Aldrich, 6 N. Hamp. Rep. 264; Van Landingham v. Lowery, 1 Scam. Rep. 240; Caton v. McTavish, 10 Gill & J. Rep. 192; Karthans v. Ferrer, 1 Pet. Rep. 222; Fryeburg Canal v. Frye, 5 Greenl. Rep. 38.

An award should be so certain as to enable the court to determine what it decides.   McKeen v. Oliphant, 3 Har. Rep. 442; Gibson v. Powell, *supra;* Hazeltine v. Smith, 3 Verm. Rep. 535; Dubury v. Clifton, Cooke's Rep. 329; Carter v. Ross, 2 Root's Rep. 507; Purdy v. Delavan, 1 Caine's Rep. 304; Gonsales v. Deavans, 2 Yeates's R. 539; Kingston v. Kincaid, 1 Wash. C. C. Rep. 448; Borrets v. Patterson, 1 Taylor's Rep. 37.   Under the influence of this rule, it has been held, that an award which directs one party to pay to the other a certain sum within a prescribed time after the date of the award, with interest until paid, is sufficiently

certain. Skeels v. Chickering, 7 Metc. Rep. 316. So an award for a sum certain, and "the costs," was adjudged good; it being also said, that if it was uncertain, in not stating the amount of the costs, it would still be good as to the debt. Brown v. Warnock, 5 Dana's Rep. 492. And an award for "the amount of the note" in controversy, has been held not obnoxious to the objection of uncertainty. Coxe v. Gent, 1 McMullen's Rep. 302.

Although awards must be mutual, yet an award is not objectionable for the want of mutuality, which merely directs the payment of a sum of money by one party to the other, without ordering a release or other act to be done by the one who is to receive it. Gordon v. Tucker, 6 Greenl. R. 247; Doolittle v. Malcom, 8 Leigh's Rep. 608. If both parties are required to do certain acts, and as to those to be done by one of the parties, the acts are void, and the void part is the consideration of the acts required to be done by the other party, the award will be inoperative *in toto*. Nichols v. Rens. Ins. Co. 22 Wend. Rep. 125. It is, however, said to be no valid objection to an award, that both parties will not have the same remedy to enforce performance; one party may be entitled to recover money by judgment or action, and the other to enforce a compliance by an attachment. Kunckle v. Kunckle, 1 Dall. Rep. 364. Nor is an award defective for want of mutuality, because it directs one party to perform something on his part before the other releases, where the thing to be performed is independent of the release. But where it directs money to be paid on one side, and some other thing to be done on the other, if the court cannot enforce both, they will enforce neither. Kunckle v. Kunckle, *supra*.

In Cox v. Jugger, 2 Cow. Rep. 638, it was held, that when one part of an award was irreconcileable with another, the latter should be disregarded.

This hasty sketch of legal principles, may suffice to furnish a guide to a correct conclusion. In the case at bar, the action was founded on a bill single, dated the 14th October, 1841, by which the defendant promised to pay the plaintiff the sum of $1,000, on the 1st of March, 1846. The defendant pleaded—1. Want of consideration. 2. Failure of con-

sideration. 3. Fraud. Thereupon an order was made, by consent of parties, to refer the cause to the arbitrament of certain persons, whose award was to be made the judgment of the court. The arbitrators made their award, in which they say, they have *thoroughly considered the matters in difference*, and *upon the premises adjudge*, *"First*, that the said William Reynolds, defendant, shall have and hold the right, title and interest, in, and to, the negro boy, Nelson, and that in consideration of the same, we confirm, and order or decree, that the note for $1,000, payable the first day of March, 1846, drawn in favor of Irby Reynolds, and signed by William Reynolds, be paid. And we do further award, that William Reynolds, the defendant, pay the costs of the suit."

As it respects the slave, it does not appear that he was in the possession of the plaintiff, or that the plaintiff was required to do any act to invest the defendant with the title to him. But the fair inference from the pleadings, and the terms in which the award is expressed, is, that the slave was the consideration of the note, and that the arbitrators merely decided, that there was nothing in his condition, or the circumstances under which the defendant purchased him, that furnished a valid reason why the plaintiff should not recover. This conclusion is the natural result of the principle which declares that all reasonable intendments shall be indulged in favor of awards. It seems to us, that this interpretation is so palpably just, as to allow no scope for argument, and is sufficiently illustrated by its statement.

It is no objection to the award, that it does not direct, *in totidem verbis*, to whom the *note was to be paid*. The action was brought by Irby Reynolds, the payee, and himself, and the defendant submitted the cause to arbitration, so that there is no ground for the objection of a want of certainty in this respect. In Callahan v. McAlexander, 1 Ala. Rep. 366, the judgment of the circuit court sustaining an award was reversed, because the award did not determine who should pay the money. But that case was submitted before suit brought, by a reference out of court, pursuant to the statute. Besides, it appeared *prima facie* from the record, that another person than the defendant in the judgment, was liable

to pay the plaintiff; and upon this ground, this court rested its opinion.

To entitle the plaintiff to his judgment, no act was necessary as a condition precedent. If the slave referred to, in the award, was not in the possession of the defendat, or subject to his control, he should have made proof of the fact, and urged it to the circuit court as a reason why the plaintiff should not recover. There is no basis, in the absence of proof, upon which we can rest a presumption in his favor. If the consummation of the defendant's title required any thing more than the award, so far as the plaintiff is concerned, it will become perfect by the satisfaction of the judgment—the receipt of the money will estop the plaintiff from asserting an adversary right.

As it respects the costs, they can be ascertained by the clerk, as in other cases, and the failure of the arbitrators to ascertain the amount with exactness, cannot prejudice their award. In determining that the defendant was liable to pay the note, they must be understood to charge him according to its legal effect, with the interest; which the clerk was also competent to compute. The citations on this point are direct, and establish the correctness of our conclusion.

The consequence is, that the judgment must be affirmed.