MURDOCK, Justice
(concurring in the rationale in part and concurring in the result).
Although I agree in the main with the analysis set out in Part III of the main opinion, I write separately to be clear that, in my view, even in the absence of the “BBB rules” cited in the main opinion, the parties’ contractual agreement that the arbitrator was empowered to render a decision “he/she considered] to be fair and just” does not qualify as an agreement for one party to pay the other’s attorney fees within the meaning of those cases identifying three exceptions to the “American rule” disallowing such payments. See generally Classroomdirect.com, LLC v. Draphix, LLC, 992 So.2d 692, 710 (Ala.2008). Nor do I read this clause in the parties’ arbitration agreement, or any provision of the BBB rules, to constitute a submission to the arbitrator of the question whether to award an attorney fee or to award the arbitration fees. See 154 So.3d at 972 n. 5.
As to the issue of the arbitration fees, I concur in the result reached in Part IV of the main opinion but respectfully decline to join the premise set out near the outset of the analysis. Specifically, I am not inclined to “assume” for the sake of discussion that “arbitration fees are the functional equivalent of court costs,” 154 So.3d at 973; nor would I leave open the corollary possibility that “an award of arbitration fees to the prevailing party ... might be a remedy permitted under Alabama law and thus within the authority of an arbitrator operating under the BBB rules unless there is a more specific provision in the parties’ agreement that would prevent such an award.” 154 So.3d at 973. The general rule of “costs” was developed in and for normal civil litigation — in a court— where such costs are by nature generally “modest” and “incidental” (not to mention predictable and easily calculated without likelihood of dispute). See Anderson v. Griffin, 397 F.3d 515, 522 (7th Cir.2005) (explaining why mere “costs” traditionally have been viewed differently than attorney *976 fees). We are not concerned here with “costs” in a court proceeding. To speak colloquially, I believe arbitrators’ fees are simply a “different animal” than court costs. They are a function of the parties’ creation of a private dispute-resolution mechanism, and, as part of that mechanism, they bear as much or more resemblance in nature, amount, predictability, and ease of calculation to private attorney fees as they do to conventional court costs.
As to the issue discussed in Part V of the main opinion — whether the entire award must be set aside in this case — it appears that the dispositive principle would be that which was reaffirmed by this Court in R.P. Industries, Inc., v. S & M Equipment Co., 896 So.2d 460 (Ala.2004):
“ ‘If, therefore, arbitrators transcend their authority, pro tanto their award will be void, and will stand good for the residue, unless that which is void, affects the merits of the submission, so that it cannot, without injustice, be separated from it....’”
896 So.2d at 464 (quoting Reynolds v. Reynolds, 15 Ala. 398, 403 (1849)). In this case, it is appropriate to consider the arbitrator’s award to be void only pro tanto because it is not the case that the award of attorney fees and the award of the arbitration fees “cannot, without injustice, be separated” from the remainder of the arbitrator’s award.