## STRONG *vs.* BEROUJON.

1. The rule of law is to intend that an award is made "of and upon the premises," unless the contrary appears.
2. Where the submission is of matters which concern one of the parties in his own right, and as guardian, but does not require the arbitrators to separate the one interest from the other, an award in favor of such

party cannot be objected to for uncertainty, because it fails to show what is awarded to him in his own right, and what as guardian. If it should become a material question in a future suit about the same matters, extraneous evidence will be admissible to prove it.

3. An award is not necessarily wanting in mutuality, because nothing is required to be done by one of the parties.

4. A guardian may submit for his ward, and is bound by the award in the ordinary way, in which one man is bound, who binds himself for the acts of another.

5. Where the submission is independent of the statute, and not under an order of court, and there is no agreement that the award shall be made a rule of court, gross partiality in the arbitrators is no defence to an action at law for the non-performance of the award.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

DEBT on arbitration bond by the plaintiff against the defendant in error. The declaration counts on the penalty alone. The defendant craved oyer of the bond and condition, which being set out, he pleaded no award. The plaintiff replied a submission and award, oyer of which being craved by the defendant, they are set out as follows: "Whereas a dispute and controversy has arisen and is still depending between Charles D. Strong for himself and as guardian of the heirs of Joseph Lemonier, deceased, of the one part, and Claude Beroujon, of the other part, in reference to and concerning certain property embraced in a lease, and also as regards the stipulations of the lease, made by Charles Delage and Benjamin Wilkins as executors of the said Joseph Lemonier to the said Claude Beroujon and one Clement Ducautremont, dated the 1st day of January eighteen hundred and thirty-seven, for the ending and deciding of said controversy, it is hereby mutually agreed by and between the said parties that the matter in difference between them shall be refered and submitted to the arbitrament and determination of Patrick O'Neal, James F. Cunningham, Hindman Barney, &c., or a majority of them, so as the said arbitrators or a majority of them do make and publish their award in writing ready to be delivered to the said parties on or before Friday, the thirtieth day of this present month of January, A. D. 1846. And it is hereby mutually agreed by and between the said parties that the award and decision in writing of the arbi-

13

trators or a majority of them shall be final and complete, and binding upon the parties."

" The subscribers, a majority of the arbitrators," &c., " do decide as follows and publish this as our decision—1st. That Mr. Beroujon shall deliver to Mr. C. D. Strong the immediate possession of all the property now held by the former, including the improvements of every kind, on the square bounded by Scott Bayou, Dauphin, and St. Francis streets, and Spring Hill road ; 2d. That Mr. Beroujon shall pay to Mr. Strong the sum of two hundred and twenty dollars, being the balance due the latter, after deducting the value of said improvements from the amount due to Mr. Strong for rent of the premises and for nonfulfilment by Mr. Beroujon of the terms of the lease made to him by Messrs. Benj. Wilkins and C. L. Delage—this payment to be made in cash on 1st Feb. 1846. Mobile, 30th January 1846." The defendant thereupon demurred to the plaintiff's replication, which demurrer was overruled. The defendant then rejoined, " that in making the said award in the said replication mentioned, the said arbitrators acted with gross partiality in favor of the plaintiff, which he is ready to verify, &c." To this rejoinder the plaintiff demurred and his demurrer was overruled. Issue being then joined, the cause was submitted to a jury and a verdict returned for the defendant. The overruling of the plaintiff's demurrer to the defendant's rejoinder is the error now assigned.

HOPKINS, for the plaintiff in error:

Fraud or other misconduct of arbitrators is no defence at law in an action upon the award, unless the submission by the agreement of the parties was to be made a rule of Court.—9 Johns. R. 212-13; Cranston v. Kenny's Ex'rs, 3 ib. 364-65; Barlow v. Todd, Watson on Arb. & Aw.; Law Lib., (Feb. No., 1848,) 212-16-17, top pages; 1 Saun. 495, note 3; 6 Pick. R. 273-74; Bean v. Farnam, Clay's Dig. 52, § 12. The demurrer, therefore, ought to have been sustained to the defendant's rejoinder, in which he averred that that the arbitrators in making the award acted with gross partiality in favor of the plaintiff.

A court of equity only could afford relief for fraud or other misconduct in arbitrators in making award, in a case like this, where there was no agreement to make the submission a rule of

a court of law.—Feb. No. 1848, of the Law Lib. 212-16-17, top pages; 9 Johns. 212-13; 3 ib. 364-65.

W. G. JONES, for the defendant:

1. It may be conceded that the courts are generally inclined to favor and support awards. In this case, however, there is no reason for the court to incline in favor of the award; for the plaintiff by his pleading admits that the arbitrators were guilty of gross partiality in his favor in making the award, and a jury has moreover found that the fact was so. We must take for granted then in this case, that the arbitrators were guilty of gross partiality, and when that is the case the courts are strongly against supporting the award.—Watson on Awards, 299-300.

2. The submission and award are made parts of the record and set out by the pleadings, and the demurrer brings up the question of the sufficiency of the submission and the legal validity of the award. An award must be confined to the matters submitted.—Watson on Aw. 179; Law Lib., vol. 59. It is insisted, that in examining the submission and award it is apparent that the arbitrators took into consideration matters not submitted to them. Property is directed to be surrendered, which does not appear to be embraced in the submission. They decide on *rents* when there is no submission as to rents. An award must be certain.—Watson on Aw. 204. This award is uncertain. Strong, as guardian of Lemonier's heirs and in his own right, had claims against Beroujon which were submitted. The award does not show whether the property is to be given up to Strong as guardian, or in his own right, nor whether the money is to be paid to him as guardian or in his own right. An award must be mutual.—Watson on Aw. 232. In this award there is no mutuality. Nothing whatever is required to be done by Strong. All that is required to be done is required to be done by Beroujon.—Veale v. Warner, 1 Saun. R. 326. It appears that the interests and claims of infants were submitted. The rights of the infants are not bound or precluded by the submission and award, and for this reason there is a want of mutuality in the award.—Watson on Aw. 67; Biddle v. Dowse, 6 B. & Cress. 225. The proper mode of taking advantage of any of the objections appearing on the face of the submission or award, is to set them out in oyer, and demur, as is done

Strong v. Beroujon.

in this case.—Watson on Aw. 245. The demurrer will undoubt-
edly reach back to the first substantial defect in the pleadings, and
the plaintiff's replication being bad, judgment was properly
rendered against him on the demurrer.

3. But even if the award is not bad on its face, it is insisted
that it is bad because of the gross partiality of the arbitrators.
It must be conceded that if the award had been made under a
rule of court in a suit pending or under our statute in relation
to awards, the award would be set aside by the court for gross
partiality. Why should a different rule prevail in a suit on the
arbitration bond? Why in that case should the party aggrieved
be driven into chancery for relief? The question has not been
decided in our court. It is *res integra* in this court. We
should rather follow principle, reason and expediency then, than
blindly follow in the rut of precedent. There are no doubt
cases in which it has been held that in such cases the party
must apply to chancery for relief, but on examination it will be
found that all those cases are founded not on principle or bind-
ing authority, but on an editorial conjecture contained in the
notes to the cases of Veale v. Warner, 1 Saun. R. 326. The
leaning of the common law courts is, in modern times, to ad-
mit equitable defences, and not unnecessarily to drive parties
into the tedious and expensive process of a chancery suit. In
strictly analogous cases, in suits on awards and arbitration
bonds, the defence by plea is admissible.—See particularly,
Fisher v. Pimbley, 11 East. 188; Gisborne v. Hart, 5 Mees. &
Welsby, 50; Harker v. Hough, 2 Hals. R. 428; Allen v. Wat-
son, 16 Johns. R. 205. It is also insisted that under the equity
of our statutes, (Clay's Dig. 50, § 2; Ib. 52, §§ 12-14,) this
defence may be pleaded.

PARSONS, J.—The replication states the submission and
the award. The demurrer to the replication should have been
sustained, if there was a fatal defect in the submission or the
award, *apparent on their face*. The plaintiff was a party in his
own right and as guardian of the heirs of Joseph Lemonier,
deceased, and the controversy submitted was in reference to
certain property embraced in a lease, which is described, and to
its stipulations. By the award, as stated in the replication and
set out on oyer, the defendant was required to deliver to the

Strong v. Beroujon.

plaintiff the possession of some real estate which is described, and to pay to the latter $220, as the balance due to him, after deducting the value of the improvements from the amount due to the plaintiff, for rent of the premises, and for the non-fulfilment by the defendant of the terms of the lease. It is contended that it is apparent the arbitrators took matters into consideration that were not submitted, but we think this does not appear. It does not appear that the property to be surrendered was not the same which was in part the matter of controversy that was submitted, for it was the same, so far as appears, that was embraced in the lease : And as the stipulations of the lease were also referred, the money awarded to be paid was a consequence of that, and within the submission, so far as appears. The demands for rents, it is to be presumed, arose under the stipulations of the lease. The rule of law now is to intend that the award is made " of and upon the premises," unless the contrary appear.—Gray v. Gwinnap, 1 Barn. & Ald. 106; Watson on Arb. & Aw. 176, and cases cited.

2. It is contended that the award is uncertain, because it does not show what was awarded to the plaintiff in his own right and what as guardian. This was not required by the submission, but if it should ever be a material question, in the event of a future suit about the same matters, evidence will be admissible to prove it—in re Brown & Croydon Canal Co., 9 Adol. & Ellis, 522.

3. It is contended that the award was not mutual, because nothing was required to be done by Strong. But it appears that the arbitrators made an allowance to the defendant for the improvements, which diminished the plaintiff's demands. An award, however, is not necessarily wanting in mutuality, because nothing is required of one of the parties.

4. It is further insisted that there is a want of mutuality, because the claims of infants were submitted, and they are not bound by the award, and for this the counsel relies on Biddle v. Dowse, 6 Barn. & Cress. 255. There are several circumstances to distinguish that case from this, but it is sufficient to mention one of them. Some of the *parties* to the submission in that case were infants, who had been parties to a suit by their next friend. The matters for which the suit was brought were submitted to arbitrators. This was done under order of h

court, by consent *of the attornies of the parties in the suit.* It
was held that no sufficient authority to refer on behalf of the
infant plaintiffs was shown, the *attornies* having no such autho-
rity, and that therefore the submission was not mutual, and
consequently the award was bad. It did not appear in that
case that the next friends of the infants consented to the refer-
ence. If there had been consent, even by the next friend, the
court would probably have sustained the submission, for Ab-
bott, Chief Justice, observed in the case: "If in fact the next
friends of the infants did take this obligation upon themselves,
that matter ought to have been specially avered and shown" by
the declaration, for it appeared by the declaration that the order
of reference was made by consent of the attornies. The court
therefore held that the submission was not mutual. The true
rule is laid down in Watson on Arb. & Aw. 6S, thus: "Al-
though an infant cannot submit, his guardian or other person
may submit for him, and the person submitting shall be bound
by the award in the ordinary way, as one man is bound when
he binds himself for the acts of another." In the case at bar,
the submission was made by the guardian himself, which dis-
tinguishes this case from that of Biddle v. Dowse. The de-
murrer to the replication was therefore properly overruled, and
consequently the demurrer to the rejoinder cannot fall back
upon the replication, as being the first defective part of the
pleadings. The counsel for the plaintiff contended that if the
replication is bad (which, however, he denied) the demurrer to
the rejoinder could not, under the circumstances of this case,
be applied to the replication, or to the submission or award as
part of the replication; but it is not necessary for us to decide
that question.

5. The defendant's demurrer to the replication having been
overruled, he rejoined that the arbitrators acted with gross par-
tiality in favor of the plaintiff, and to this rejoinder the plaintiff
demurred, and his demurrer was overruled, and that is assigned
as error.

The question is, whether the matter stated in the rejoinder is
cognizable in the courts of common law. If the award had
been taken taken under the statute, the facts stated in the rejoin-
der would have been sufficient, in the court of law, to set aside
the award, according to the statute.—Clay's Dig. 50. But the

submission and award in this case were independent of the statute, and they were made under no rule or order of court, nor was there any agreement that they should be made a rule of court. This distinguishes the present case from the cases in the books in which the courts of law have summarily relieved parties against awards that were brought about by corruption or misconduct of the arbitrators. This case is within the general rule, " that corruption or misconduct in the arbitrators is no defence to any action whatever, brought for the non-performance of the award," the remedy being in equity.—Watson on Arb. & Aw. 212-16. Judge Spence observed, in Cranston v. Kenny's Ex'r, 9 Johns. R. 212, "Under the statute, and when the submission is agreed to be made a rule of court, power is given to the courts of common law jurisdiction to set aside any arbitration, or umpirage, procured by corruption or undue means, and this is the limit of the authority of those courts." This is the general doctrine stated in the books, and we have not been refered to a single case to the contrary, in reference to such a case as this. The defendant's counsel, however, refered us to several cases which he considered analogous, and ably controverted the rule upon which we rely, as having commenced in error, and as being opposed to the equity of our statute and to the principle of other cases, which are, however, not, as he admitted, precisely in point. But after full consideration, we feel bound to adhere to what we think is the well established rule in the present case, and consequently we think the rejoinder was bad. The judgment is therefore reversed and the cause is remanded.