## McCARGO vs. CRUTCHER.

1. Assumpsit does not lie on an award when the submission to arbitration is under seal.

Error to the Circuit Court of Limestone.
Tried before the Hon. Thomas A. Walker.

Assumpsit by Reuben Crutcher against Allen McCargo, on an account stated; the common counts also being added. The plea was the general issue, " with leave to give all special matters in evidence, in short by consent." Verdict and judgment for plaintiff below for $2426 64.

It appears from the bill of exceptions, that the plaintiff relied on an award made by certain arbitrators under the following agreement:

"An article of agreement made and entered into on the 12th day of March, in the year 1851, between Allen McCargo and Reuben Crutcher, both of Limestone County, State of Alabama, witnesseth, that whereas they formed a partnership in the year 1844, under the name and style of McCargo & Crutcher, and continued in the mercantile business until December, 1846, at

which time said co-partnership ceased : Now know ye, that the said McCargo & Crutcher have chosen and selected J. W. Sloss and W. Graves Bouldin, and do vest in them full and ample power, to make a settlement of their entire mercantile transactions for and during the said term of co-partnership ; the settlement so made by them, and reported, to be binding on themselves, their heirs and assigns, and in confirmation of which we bind ourselves as gentlemen to stand to and abide, hereunto subscribing our names in Athens on the 12th of March, 1851.

" It is further understood, that, if hereafter anything should come up showing a different state of affairs relative to the settlement, it shall be allowed, with the consent of the said J. W. Sloss and W. Graves Bouldin ; and it is further agreed by the said Allen McCargo and Reuben Crutcher, that all of their private transactions between themselves, and with the firm of Lesslie & McCargo, shall be referred to the said J. W. Sloss and W. Graves Bouldin, for final settlement, binding ourselves as above to abide by their settlement. Signed and sealed as above.          (Signed)          ALLEN McCARGO, [Seal.]
REUBEN CRUTCHER, [Seal.]"

The award made by the said arbitrators was in these words : " We, the undersigned, having investigated the books, papers, &c., belonging to the firm of McCargo & Crutcher, have settled the same, and find that Allen McCargo is justly indebted to Reuben Crutcher in the sum of $1996 33, due January 1, 1850, as per statement rendered.     Athens, April 17, 1851.
(Signed)          W. GRAVES BOULDIN,
J. W. SLOSS."

The court ruled that the action of assumpsit might be maintained for the recovery of the sum so awarded by the arbitrators, and this is now assigned for error, together with other matters not necessary to be stated.

BRICKELL & CABANISS, for plaintiff in error :

1. The submission to arbitration is under seal ; therefore an action of assumpsit cannot be maintained on the award made in pursuance thereof.—Watson on Arbitration (59 Law Library) 201 ; Billing on Awards (51 Law Library) 158 ; Horton v. Rolands, 2 Porter 79 ; Tullis v. Seawell, 3 Ohio 510 ; Chitty's Pleading 101.

2. The award must be a final decision on all the matters in controversy submitted to the arbitrators. If any matter embraced in the submission is excepted out of the award, or is left undecided by the arbitrators, the award is void.—Russell on Arbitration 215; Watson on Arbitration 121; Billing on Awards 132.

RICHARDSON & PRYOR, *contra :*

1. The award was properly admitted as evidence on the trial of this cause.—2 Green. Ev. 62, 71 ; 2 Stark. Ev. 137, 139.

2. The agreement of submission, although under seal, was admissible as evidence. If a contract under seal be so executed as not to authorize a party injured by its breach to sue upon it, he may bring assumpsit, and make the contract inducement by his declaration; or he may give it in evidence without noticing it in the pleadings.—8 Porter 333, and cases there cited.— The agreement of submission in this case was so executed as not to authorize either party injured by its breach to sue upon it ; the parties bind themselves by no sum or penalty, but only "as gentlemen," to abide by the award. Upon such an instrument no suit could be maintained for its breach, and therefore assumpsit was the proper remedy.—8 Porter 333, *supra.*

3. The award is perfect, and conforms strictly to the submission under which it was made. Awards are much favored, and the courts will intend every thing warranted by the record to sustain the judgments rendered upon them.—Tankersly v. Richardson, 2 Stewart 130. If the arbitrators transcend their authority, their award will be void *pro tanto* only, and good as to the residue.—15 Ala. 398. The award, by its terms, is final, nor has it been impeached for corruption, partiality or misbehavior on the part of the arbitrators, nor for mistake of law or fact apparent on its face.—Bumbass v. Webb, 4 Porter 65.

CHILTON, C. J.—It is too well settled now to admit of discussion, that where an award is made upon a parol submission, there assumpsit is maintainable ; but where it is made upon an agreement or submission under seal, and the non-payment of the amount awarded is a breach of such agreement, assumpsit cannot be maintained, but debt or covenant according to circumstances.

The submission in the case before us binds the parties to abide by the award. True no penalty is affixed, but this is not essential to constitute the submission binding and obligatory, and the submission is under seal.

It is said, they bind themselves as "gentlemen," and this shows that the agreement was regarded as merely creating an honorable, not a legal obligation. We think the converse of the proposition was most likely in the contemplation of the parties, namely, that they not only bound themselves *legally* to abide by the award, but superadded to their legal obligation a mutual pledge to observe and keep it, by being bound " as gentlemen," as honorable men.

The counsel for the defendant in error are mistaken in supposing that no action can be maintained on the submission; for a breach of it in refusing to abide by the award. We think it clear that the party might have sued in covenant, averring as a breach the non-payment of the sum awarded to be paid; so that the case in 8 Porter 333 has no application.

Mr. Chitty (vol. 1, p. 101) says: "Assumpsit lies upon awards, where the submission is not by deed."

Mr. Watson (on Awards 355) says: " In all cases, excepting where the submission is by bond, *or agreement under seal,* an action of assumpsit will lie against a party for the non-performance of an award." See also, to the same effect, Billings on Awards 374.

It follows that the circuit judge improperly refused to charge that this action (assumpsit) could not be maintained on the award produced in evidence. As this point will be, in all probability, decisive of the case, we will not notice the other errors assigned.

Judgment reversed, and cause remanded if desired.