Roundtree v. Turner.

## ROUNDTREE vs. TURNER.

[ACTION ON CONTRACT AND AWARD FOR OVERSEER'S WAGES.]

1. *Conclusiveness of judicial decision.*—A decision of the supreme court is the law of the case in which it is pronounced, and its correctness cannot be questioned on a second appeal.
2. *Sufficiency of award.*—An averment that the arbitrators, under a submission of all matters in dispute between the plaintiff and defendant, in relation to the crop grown by them on the defendant's plantation, " awarded to plaintiff the one-fifth part of said crop," is sufficiently certain ; but, if the award simply determines, " that the contract has been proved, that R. (defendant) was to give T. (plaintiff) the fifth of the crop made for said R.," it is not sufficient to support the averment.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN E. MOORE.

THIS is the same case which was before this court at its June term, 1857, and which may be found reported in 30 Ala. 706. The second count of the amended complaint was as follows: " The plaintiff claims of the defendant a like sum of $300, for this: On the 3d day of October, 1854, in said county, plaintiff and defendant agreed to refer all their matters in dispute, in relation to the crops grown by them on said defendant's plantation for the year 1854, to the arbitrament of William Stephens,

Pleasant Hodges, and Moses Maples, and their award thereon to be abided by them; and plaintiff avers, that said referees did meet and decide said controversy, and awarded to plaintiff, on the 7th October, 1854, the one-fifth part of said crop, which (plaintiff avers) was worth said sum of $300; which award defendant on his part failed and refused to perform and abide by, and refused to deliver or give to said plaintiff the one-fifth part of said crop, according to the terms of the award, though often requested so to do," &c.

The bill of exceptions in the present record states the following facts: "The plaintiff introduced evidence tending to show that, in 1854, he and the defendant made a contract, whereby plaintiff agreed to superintend the making of a crop for defendant that year, for one-fifth part of said crop; that he commenced the superintending of the making of said crop about the 1st March, 1854, and continued until the 12th July, when he was discharged by the defendant. He also proved, that a crop of corn, wheat and oats was made, its amount, and value; and then introduced a written instrument, signed by himself and defendant, in the following words: 'We, S. J. Roundtree and Lewis Turner, having a controversy respecting a crop that we agreed to make together, in the year 1854, now agree and are anxious to leave it to the decision of William Stephens and Pleasant Hodges as referees, and Moses Maples as umpire, on the 7th October, 1854, at Woodville, and agree to make each our statement of the contract, and to introduce any lawful testimony to prove the same; and we agree, if those men are in attendance, to be ready with our evidence for trial, and to abide their decision, this 3d October, 1854.' (Signed by both parties.) The plaintiff further proved, that on the 7th October, 1854, he and defendant, with said Stephens, Hodges and Maples, met at Woodville, pursuant to said agreement; and that said Stephens, Hodges and Maples, having heard the statements and testimony of each party respecting said controversy, then and there made, in their presence, the following award in writing: 'We, the referees, being sworn to decide this case according to law and evidence,

Roundtree v. Turner.

we know of no law that deprives a man of his contract. We also believe that the contract has been proved, that S. J. Roundtree was to give Lewis Turner the fifth of the crop made for said Roundtree.' (Signed by said referees and umpire.) The plaintiff then proved, that after the making of said award, and before the commencement of this suit, he demanded the fifth of said crop, and the defendant refused to deliver it to him; and proved the value of said crop. On these facts, the defendant requested the court to charge the jury, that the plaintiff was not entitled to recover under the second count of his amended complaint; and that said award does not give the plaintiff a right to recover a fifth part of the crop made for the defendant in 1854, but does nothing more than ascertain the contract which the parties made. The court refused these charges, and instructed the jury, that the plaintiff was entitled to recover under said award, on the second count of his complaint, the value of the fifth part of the crop made for defendant in 1854, with interest thereon from the making of said award; to which charge, as well as to the refusal of the charges asked, the defendant excepted."

The charge given, and the refusal of the charge asked, are now assigned as error.

WALKER & BRICKELL, for appellant.—The award is void for uncertainty, and because it is not final and conclusive. Watson on Arbitration and Award, 126; 1 Dallas, 173; 2 Yeates, 539; 4 Rawle, 304; 2 Har. & Gill, 67; 3 Pike, 324; 4 Blackf. 253; 11 Wheaton, 446; 2 Root, 531; 3 Cowen, 72; 1 Ld. Raymond, 123; Cro. Jac. 314; 3 Dow. & Ry. 433; 2 B. & C. 170; 12 Wendell, 380.

ROBINSON & JONES, contra.—The award, though not very formal, is substantially sufficient, when construed in connection with the submission; and, under the rule which requires all reasonable presumptions to be made in favor of awards, entitled the plaintiff to a recovery under the second count of his amended complaint.—Reynolds v. Reynolds, 15 Ala. 398; Strong v. Beroujon, 18 Ala. 168.

STONE, J.—When this case was before us at a former term, (30 Ala. 706,) we declared, that the complaint was legally sufficient. The complaint, which contains two counts, is in the same form as when we announced its sufficiency, and must be now held sufficient.

[2.] The second count is based on an award. It avers, that the arbitrators "awarded to plaintiff, on the 7th October, 1854, the one-fifth part of said crop." This was sufficient, because it furnished the rule for ascertaining the amount to which plaintiff was entitled. *Id certum est, quod certum reddi potest.*—Higgins v. Willes, 3 Mann. & Ry. 382; Platt v. Hall, 2 Mees. & Wels. 391; Waite v. Barry, 12 Wend. 377. But what is claimed as an award in this case, falls far short of proving the averment in the complaint. The arbitrators found but a single fact—viz., the terms of the contract between the parties. That contract was executory, and cast on each party the performance of certain duties. Mr. Turner could claim no compensation from Mr. Roundtree, without averring a performance of his part of the agreement, or giving some valid excuse for its non-performance. The arbitrators failed to find the facts, from which the amount due could be ascertained by calculation or proof; and they failed to find any sum due, which, if they had so found, would have supported their finding, without any recital of facts. The award did not support the second count in the complaint.—Watson on Arb. and Award, (59 Law Lib.,) 204, *et seq.;* Bedam v. Clerkson, 1 Ld. Raymond, 123; Marshall v. Dresser, 3 Ad. & El. (N. S.) 878; Cargey v. Aitcheson, 3 Dowl. & Ry. 433; Grier v. Grier, 1 Dal. 173; Gonzales v. Deavens, 2 Yeates, 539; Parkhurst v. Powers, 2 Root, 531; Carnochan v. Christie, 11 Wheaton, 446; Archer v. Williamson, 2 Har. & Gill, 62; Manuel v. Campbell, 3 Ark. 324; Thinne v. Rigby, Cro. Jac. 314. Several of the rulings of the circuit court cannot be reconciled with these principles.

Reversed and remanded.