# Burns *v.* Hendrix.

### *Attachment for Rent.*

1. *Awards; how construed.*—Awards must be construed with great liberality, and every reasonable intendment made to uphold them.

2. *Same; motion to exclude; how tested.*—A motion to exclude an award, because it does not conform to the submission, or because the arbitrators exceeded their authority, must be tested by an inspection of the award, construed in connection with the submission, and cannot be sustained, unless such want of conformity, or excess of authority, is apparent from the award.

3. *Same, exclusion of; what not good ground for.*—Misconduct on the part of the arbitrators, or their consideration of matters extraneous to that submitted to them, so effecting the award as to vitiate it, if not apparent from the award and submission, is not good ground for objecting to the admission of the award as evidence, or to exclude it after it has been received. The evidence upon which the party assailing the award relies to sustain his grounds of objection to it, must be left to the determination of the jury, under proper instructions from the court.

4. *Same; what not concluded by.*—Matters not submitted, nor fairly within the scope of the submission, are not concluded by the award.

APPEAL from the Circuit Court of Lauderdale.

Tried before Hon. JAMES S. CLARK.

The opinion states the facts.

J. B. MOORE, for appellant.—The award was not in con-formity with the submission. Snbmissions and awards should be read and interpreted, in connection with the plead-ings in the cause.—*Merritt v. Thompson*, 27 N. Y. 225. The award is only good as to matters properly submitted.—*Car-son v. Carson*, 1 Met. (Ky.) 434; *Fulton v. Wiley*, 32 Vermont, 762; *Griffin v. Hadley*, 8 Jones' Law, 82; *Cook v. Carpen-ter*, 34 Vt. 121; *Reynolds v. Reynolds*, 15 Ala. 403; *Briggs v. Smith*, 20 Barbour (N. Y.) 409; 9 Foster (N. H.) 405.

O'NEAL & O'NEAL, and R. O. PICKETT, *contra.*—All reason-able presumptions are made in favor of awards; and if by the application of these principles an award can be brought within the submission, and is in other respects unexception-able, it will be sustained.—*Tankersly v. Richardson*, 2 Stew. 130; *Byrd v. Odum*, 9 Ala. 755; *Reynolds v. Reynolds*, 15 Ala. 398; *King v. Jemison*, 33 Ala. 508. It is clear, on the face of the award, that the matters submitted were determined. The arbitration was properly pleaded in the bar.—1 Chitty's Pl. §§ 407-417. The award having determined the matters in controversy between the parties, was properly admitted in evidence. Under the pleadings, the award was properly in evidence, it matters not whether it was made under the statute, or at common law. The defendant was properly allowed to avail himself of it as a defense and bar to the action.—*McAlpine v. May*, 1 Stew. 520; *Willingham v. Harrell*, 36 Ala. 586; *Burns v. Hindman*, 7 Ala. 533.

BRICKELL, C. J.—The appellant commenced suit against the appellee, by attachment, for the recovery of the rent of land. To a complaint claiming eight hundred and eighty dollars, as due January 1st, 1872, for the rent of land for 1871, the appellee pleaded in short by consent, "arbitrated and settled by award, and award performed." On this plea a trial was had. To sustain it, the appellee offered in evi-dence a submission in writing, executed by him and appel-lant, reciting the suing out of the attachment, returnable to the next term of the circuit court of Lauderdale county, "for the sum of eight hundred and eighty dollars for rent due for the year 1871," and the levy of the attachment, and that "both parties are anxious and willing to settle all matters of difference growing out of said suit." The submission further recites the agreement of the parties "to submit said matter to three arbitrators, one to be selected by each party, and the two arbitrators, so selected, to choose the third, whose decision when rendered shall be entered up as the judgment of the court, and shall be a final settlement of all matters of

difference between the parties growing out of said suit."
Also an award in the words following : " We, the arbitrators,
have agreed to allow J. R. Burns for said rent the sum of
three hundred and twenty-one dollars, and twenty-five dollars
as crib logs and old fence as damages. We also allow
Samuel Hendrix the sum of ($300) three hundred dollars for
improvements put on the land in dispute, leaving a balance
of ($46) forty-six dollars in favor of J. R. Burns, each pay-
ing the costs of the attachment. All attachments levied
heretofore to be null and void." It was also shown the par-
ties met the arbitrators at the time and place appointed by
them, and made written sworn statements of their respective
claims, in the presence of each other. The one claimed rent
of land—the other, for improvements made upon the land, *on
a supposed, but unexecuted sale.* After the statements had
been made, one of the arbitrators privately asked the ap-
pellee whether the contract of sale, and the contract of rent-
ing, were both to be considered in the arbitration, and he
said they were, and the award was made in reference to
both, allowing for the improvements. To the admission of
the submission and award as evidence, appellant objected,
but his objection was overruled and an exception taken. He
then moved the exclusion of the submission and award as
evidence, because the award did not conform to the submis-
sion, but the motion was overruled, and an exception taken.
The matter of the exceptions are the only errors now
assigned.

The only material inquiry is, whether it appears the
award does not conform to the submission—whether the
arbitrators have exceeded their authority, and rendered an
award on matters not submitted to them, or have so far
neglected to consider and determine the matters which were
submitted, that the award cannot be regarded as embracing
and adjusting them. It is evident, the controversy between
the parties, was, as to the liability of the appellee to the
appellant, for rent; and the right of the appellee to set-off
against, or *recoup* from such liability, a demand he preferred
for improvements made on the rented premises ; and the
amounts of these several claims. Whatever may have been
the ancient rule, awards are now liberally construed—no in-
tendments are made against them, and if the contrary does not
appear, they are presumed to have been made, " of and upon
the premises," of all that is referred.—*Strong v. Beroujon,* 18
Ala. 168 ; Watson on Arbitration, 111. The adjustment of
controversies, whether they have or not assumed the form of
pending suits, by arbitration, has always been much favored
by legislation and judicial decisions in this State. The

award is construed with great liberality, and every reasonable intendment is made to support it.—*Byrd v. Odem*, 9 Ala. 755 ; *Reynolds v. Reynolds*, 15 Ala. 398. A fair and just construction of the award rendered in this case, is, that the arbitrators ascertained the appellant was entitled to three hundred and twenty-one dollars for the rent of the premises, and the twenty-five dollars as the value of crib logs, and such of the old fence as appellee had used in making improvements for which he claimed compensation; that the appellee had made improvements on the premises of the value of three hundred dollars, for which he was entitled to compensation, and deducting this sum from the sum to which it was ascertained the appellant was entitled, left a balance due him of forty-six dollars, which was awarded to him. The matter involved in the suit between the parties, was the rent and its amount, and the improvements made on the premises, their value, and the right of the appellee to set-off the value of such improvements against the rent. The award, clearly, fully and finally determines this matter, and this was the matter expressly referred.

It is insisted, however, the arbitrators exceeded their authority, in considering and determining upon a supposed, but unexecuted sale of the land. The award bears no evidence that any such matter was considered and determined, and no such matter can be concluded by it. All that it determines and concludes, so far as is shown by it, when read in connection with the submission, is the matters of difference to which we have referred. If the arbitrators considered the sale of the land, and that was extraneous to the matter submitted, and so affected the award as to vitiate it, these were facts to be shown by evidence, extrinsic to the award. Whether such facts were proved, it was the province of the jury to determine, under proper instructions from the court. The court could not determine them, and refuse to receive the award as evidence, or exclude it after it had been admitted.

The award is also assailed because of the misconduct of one of the arbitrators. Such misconduct, if it existed, does not appear otherwise than by evidence separate from the award. It could not therefore furnish ground for an objection to the admissibility of the award, or for its exclusion, after having been admitted. Whether it was shown, was matter of fact for the jury under proper instructions from the court.

The award not appearing on its face when read in connection with the submission, to have departed from the sub-

[Baldwin v. Ashby.]

mission, but appearing to be in conformity to it, the circuit court did not err in overruling the objection to its admissibility as evidence on the motion for its exclusion.

The judgment is affirmed.