# Ehrman *v.* Stanfield.

*Action on Arbitrators' Award.*

1. *Arbitration; submission to, at common law.*—At common law, a submission to arbitration was not required to be in writing; and such mode of arbitration is not affected by statutory provisions.

2. *Award of sum of money without fixing day of payment; how construed.*—When a sum of money is awarded in favor of one party against the other, and no day of payment is fixed, it is construed as payable *instanter;* and not being paid on delivery of a copy, an action may be brought on the award.

3. *Award; scope and conclusiveness of.*—The matter submitted to arbitration being "the disputed question of damages arising from an injunction sued out by one party against the other," if the submission includes the two questions of liability and amount of damages, the award is equally conclusive of both, unless impeached for good cause; if only the question of amount, the liability is conceded; and in either case, the papers in the injunction suit, being only relevant to the question of liability, are not competent evidence in an action on the award.

4. *Same.*—If the penalty of the injunction bond be the limit of the arbitrators' authority in amount, and their award is in excess of that sum, it not being shown that any matter outside of the submission was considered by them, the award is not void *in toto;* but, the excess being remitted by plaintiff, he may have judgment for the residue.

APPEAL from Chilton Circuit Court. ·

Tried before Hon. JAMES E. COBB.

This was an action by James M. Stanfield to recover the amount of an arbitrators' award, rendered in his favor, against R. Ehrman; and was commenced on 7th September, 1885. The complaint averred, in substance, that the defendant, Ehrman, being the complainant in a suit pending in the Chancery Court of Chilton county, in which the said Stanfield and others were respondents, procured an injunction to be issued by Hon. T. M. Arrington, judge of the City Court of Montgomery, against the said Stanfield and his co-respondents, the amount of the injunction bond being fixed at $300.00; that subsequently, on 8th August, 1885, the said Stanfield and the said Ehrman submitted to certain designated persons, as arbitrators, "the disputed questions of damages arising from said injunction; and that said arbitrators found that the said P. Ehrman, for and on account of said damages, owed the said James M. Stanfield the sum of $352.00." The complaint further alleges that the award was rendered in pursuance of the terms of submission and that the defendant was duly furnished, by the arbitrators, with a copy of said award. The defendant demurred to the com-

[Ehrman v. Stanfield.]

plaint; assigning, among others, as grounds of demurrer: " (3) That the complaint does not show when the agreement to submit was entered into, nor when the arbitrators were to meet and make their decision, nor does the complaint show what matters the agreement to arbitrate covered; (8) That the complaint does not show when the award was to be performed, nor when the money awarded was to be paid; and there is no averment that the defendant failed to pay, after he was notified of the award; and there is no averment in the complaint showing that the defendant failed to pay the said award at the time he was required by said award to pay the same." The demurrer was overruled by the court, appropriate exception being taken by the defendant; and issue was joined on the plea of the general issue, the trial resulting in a verdict and judgment for the plaintiff in the sum of $300.00. During the trial, as recited in the bill of exceptions, " The defendant offered the file of chancery papers, including the bill, answer and the decree, the interlocutory decree rendered by the chancellor. The plaintiff objected to the introduction of this evidence, and the court sustained the objection of plaintiff and ruled out the said bill, answer and decree; and to this action of the court the defendant excepted." The court also sustained objections of the plaintiff to the proposed introduction, separately, of the said bill, answer and decree, and the defendant duly excepted. The court, among other things, charged the jury " that, although the award of the arbitrators was in excess of the amount of the injunction bond, it was not void on that account only; and would be void on that account only as to the excess over $300.00." To the giving of this charge, and the refusal to give the instruction substantially set out in the opinion, the defendant duly excepted; and here assigns the same, together with the adverse rulings above noted, as error.

W. A. COLLIER, and WATTS & SON, for appellant.

JONES & FALKNER, contra.

CLOPTON, J.—The statutes, prescribing the mode of submission, and the requisites of an award, do not prevent persons from settling any matter of controversy, by a reference to arbitration at common law. Code, § 3548. When the submission is not pursuant to the statute, the common law remedies to enforce the award must be adopted. To constitute a valid award in such case, it is requisite, there shall be a submission by the parties of an existing matter of difference to arbitrators, and an award made, which finally determines the matter of controversy, and is within the scope of the authority of the arbitra-

[Ehrman v. Stanfield.]

tors. The present suit is brought on an award delivered under a submission according to the common law. A demurrer was interposed directed to the sufficiency of the averments of the complaint in specific respects, and also the validity of the award is assailed by a charge requested by the defendant.

It is not necessary, that the complaint shall set forth an agreement in writing to submit. A submission, in a case like this, may be in writing or by parol. The complaint specifically and sufficiently shows the question of dispute, being the amount of damages on account of an injunction, granted by the judge of the City Court of Montgomery, and identifies the suit, in which it was granted by a description of the parties thereto, and the court in which it is pending; and then avers, "that on the said 8th day of August, 1885, the said plaintiff and the defendant submitted to said arbitrators, the disputed question of damages arising from said injunction;" the names of the arbitrators, and the rendition of the award on August 8th, 1885, having been previously averred. An unexecuted agreement is not sufficient. A submission is the material and essential matter, which, though by parol, necessarily implies a promise to submit and abide by the award.

Whatever may be the legal necessity for an averment in the complaint, when the award does not state the fact, that the defendant had notice of the time and place, when and where the arbitrators would meet to hear and determine the controversy, as to which the decisions are not in harmony; and conceding the necessity that both parties shall have an opportunity of being heard, the absence of such averment is not assigned as cause of demurrer, and under the statute, can not be considered.

The complaint avers, that the arbitrators found, that the defendant owed the plaintiff an ascertained amount on account of the damages sustained by the injunction, but does not aver that any day of payment was fixed. It is not essential to either the certainty or the finality of an award for the payment of money, that a time in the future shall be specified within which it is to be paid. Such award, when no day of payment is fixed, will ordinarily be construed as an award to pay *instanter*. No demand is necessary. The party, on whom the duty to pay is devolved, must seek the payee. *Squire v. Grevil*, Holt, 81; Moore on Arbitration, 548. The complaint avers, that the award was made August 8th, 1885, and that a copy was furnished to the defendant. It sufficiently shows that the amount awarded was payable before the institution of the suit.

The facts of the case are presented in an intelligible form, and so that a material issue can be taken by the adverse party.

[Ehrman v. Stanfield.]

There was no error in overruling the demurrer on any of the causes assigned.

By the submission, either the questions of liability and amount of damages, or only the question of amount, were submitted. If the former, the award is conclusive as to both liability and amount, no fraud, corruption, or partiality or other sufficient objection to common law award, being alleged or proved. If the latter, the defendant, by the submission, waived or conceded the matter of liability. The issues in the suit relate to the facts of the submission, and the making of the award, and its validity. The papers and orders in the chancery suit, other than the bond, which was introduced in evidence by the defendant without objection, do not shed any light upon, and are not relevant to the issues between the parties. They would serve only to introduce into the investigation the question of liability on the bond, without tending to show the extent of the authority of the arbitrators. They were properly excluded.

The remaining question arises on an instruction requested by the defendant substantially as follows: If the jury find, that the matter submitted to the arbitrators was the damage for which the defendant was liable on the injunction bond; that the penalty of the bond is only three hundred dollars; and that the award is for three hundred and fifty-two dollars, the plaintiff is not entitled to recover. The principle, underlying the proposition of the charge, is, that the bond limits the authority of the arbitrators, and the award, being for a sum exceeding the amount of the bond, is wholly void. The rule is well settled, that the arbitrators derive their powers entirely from the submission, and while the award should be co-extensive therewith, it must not include any matter not within its terms and scope. If it does, it will be void *in toto*, or for the excess, according to circumstances. If it contains an allowance for any matter not authorized, and which is not separable from the allowance for the matter submitted, the entire award is vitiated; but if such allowance is, upon the face of the award, distinguishable from the authorized residue, and so disconnected, that the one is not dependent upon the other, and each does not enter into the consideration of the several allowances, the award will be upheld except as to the excess.—*Reynolds v. Reynolds*, 15 Ala. 398; 6 Wait's Ac. & Def. 548.

On the hypothesis of the charge, the matter submitted to the arbitrators was the damage, for which defendant was liable on the injunction bond. There is a manifest difference between the nature and character of the damages naturally and proximately resulting from a breach of the bond, and the amount of recovery in a suit thereon as limited by the penalty.

[Ehrman v. Stanfield.]

The actual damages may largely exceed the sum of the bond. It does not appear from the award, and there is no effort to show, that the arbitrators considered or allowed any element of damage, which was foreign to the submission, or for which the defendant was not liable on the bond. The contention is, that the arbitrators awarded an amount in excess of what could have been recovered in an action at law on the bond; and therefore it must be presumed, the arbitrators considered some element of damage not referred, and not covered by the bond. Arbitration as a mode of settling disputes and controversies, is encouraged and highly favored by the law and courts. Awards are construed with great liberality, and all reasonable intendments are made to support them. Unless the contrary appears from the award, or is affirmatively shown, the presumption prevails, that the arbitrators have not exceeded their authority. The burden is upon the party impeaching to show, that matters not submitted were considered and allowed.—*Burns v Hendrix*, 54 Ala. 78.

On the presumption, that the arbitrators did not estimate any *unauthorized element* of damage, the question arises, is the award void *in toto*, because they found the actual and legitimate damages to exceed the sum, for which a recovery could be had on the bond? Where the parties submitted a controverted matter to arbitrators, who, in addition to damages, awarded costs, which were not included in the submission, the award was sustained as to the damages, but held bad as to the costs.—*Day v. Hooper*, 51 Me. 178; *Genter v. Carter*, 16 Md. 509. The inquiry is, does the award demarkate the good and bad parts? Conceding that the penalty of the bond, by the terms of submission, limited the sum, which the arbitrators were authorized to award, and applying the rule of presumption in favor of the correctness and validity of awards, the excess of authority only consists in the sum awarded, and not because of the consideration of any matter not comprehended in the submission. It was a mere error of judgment as to the amount, and not as to the elements, of damages, which they were authorized to award. The award, construed in connection with the submission, furnishes the means of separating that which is in excess of authority from the remainder. In the absence of evidence showing that any matter not comprehended was considered, or that the excess entered into the consideration of the residue, or that the one is dependent upon the other, and the good and bad parts being separable, the award will be sustained to the extent of the authority of the arbitrators.

As the plaintiff remitted the excess, we have not considered, and do not decide whether, under the terms of the submission,

[Woodward Iron Co. v. Jones.]

the authority of the arbitrators was limited by the sum of the bond; but have decided the case on the seeming concession by both parties, that their authority was so limited.

Affirmed.