Greene v. Burton.

# E. G. & S. C. GREENE v. O. A. BURTON AND E. A. SOWLES.

*Statute of Frauds.    Original or Collateral Promise.*
*Evidence.    Book Account.*

1. The plaintiffs had furnished labor and material to M., the proprietor of a manu-
facturing business in which the defendants, B. and S, were interested by
reason of their loans to M., and had an agent in the establishment to look after
their interest. On the plaintiffs' refusal to furnish longer on the credit of M.,
B. told one of them to furnish, "as the factory must be kept running," that
their agent would order what was wanted, and that B. and S. "would see that
they had their pay for the same." Thereupon the supply of labor and material
was continued on the agent's orders and upon the credit of the defendants;
*Held*, that it was an original and not a collateral promise, binding upon B., but
not upon S.; as they were not partners, and neither had authority to pledge
the credit of the other.

2. The person's name in the account on the books is not conclusive as to who was
regarded the original debtor.

BOOK ACCOUNT. Heard on an auditor's report, September
Term, 1886, ROYCE, Ch. J., presiding. Judgment for the
plaintiffs. See *W. C. Smith* v. *O. A. Burton* and *E. A.*
*Sowles, ante,* 408, where is fully set forth the interest which
these defendants had in the Glens Falls Shirt Factory, and their
relation to each other.

The auditor found as follows, in part, as to whom the goods
were originally charged to :

" I find that at the beginning of the account embodied in the
specification upon the books of the plaintiffs there appears the
words ' Glens Falls,' ' Burton and Sowles,' and that where the
words appeared on said book there appears to have been some-
thing erased, and said words or part of them written over
them ; and that on the day-books of the plaintiffs the charges
of the goods were made in the name of the Glens Falls Shirt
Factory, Glens Falls Shirt Company, Shirt Factory, and in
other ways, and that said entries on said books were made by
different parties, including the plaintiffs, from time to time

'from memoranda kept by workmen in the employ of the plaintiffs.

"The erasure spoken of appears on page 289 of plaintiffs' Ex. 'B'; and I was requested by the defendants to find and report when the words 'Glens Falls,' 'Burton and Sowles,' were written on said page; but I am unable from the evidence to find when in point of fact such words were written, whether before or after August 26, 1881."

*E. A. Sowles, pro se.*

The proof shows that the charges were made to the Glens · Falls Shirt Co., and in other ways. This is strong proof to whom credit was originally given. Reed Fraud, s. 90; *Beebe* v. *Dudley*, 26 N. H. 252; *Hardman* v. *Bradley*, 85 Ill. 162. When erasures have been made it is conclusive evidence. Reed Fraud, *supra*. Burton's promise was within the Statute of Frauds. Reed Fraud, s. 120, n.; *Sledham* v. *Sanford*, 36 N. Y. 343. The action should be assumpsit on the promise. *Austin* v. *Baker*, 12 Mod. 250.

*Cross & Start*, for the plaintiffs.

The promise of Burton that he and Sowles would see that the plaintiffs had their pay for the labor and material was · an original undertaking, and not collateral or conditional. *Whitman* v. *Bryant*, 49 Vt. 512; *Bagley* v. *Moulton*, 42 Vt. 184; *Blodgett* v. *Lowell*, 33 Vt. 174.

Sowles is liable on the promise. The promise was made in and about the business of the defendants, in which they had a joint interest, and in respect to which they were jointly liable. It was a promise for the benefit of the defendants. The goods and labor went for their benefit. *Duryea* v. *Whitcomb*, 31 Vt. 395; *Tyler* v. *Scott*, 45 Vt. 260; *Noyes* v. *Cushman*, 25 Vt. 390.

The opinion of the court was delivered by

Veazey, J. We think the findings of the auditor should be construed as equivalent to the finding expressly of an original

undertaking on the part of Burton. Previous to his promise the plaintiffs had furnished the " shirt company or factory" labor and materials on the credit of MacDonald, who was the proprietor of the business under the name of the Glens Falls Shirt Company, but had then refused to furnish any more on his account or credit. Burton and Sowles were interested in the business by reason of their loans to MacDonald and the character of their security therefor, and had an agent in and about the establishment to look after the business in their behalf. When this agent brought the fact of the plaintiffs' said refusal to the attention of Burton he told one of the plaintiffs to furnish labor and material, " as the factory must be kept running," and that their said agent, Hall, " would order what was wanted, and that Burton and Sowles would see that they had their pay for the same." Thereupon the goods and labor charged, as shown in the plaintiffs' specifications, were furnished by the plaintiffs upon the order of Hall and upon the credit of Burton and Sowles.

The expression, " would see that they had their pay," implies a collateral promise; but if this form of expression was intended and understood as a promise to pay directly and not conditionally, it should be so treated. The substance and not the form should control. We think the facts and circumstances reported show that the promissee had the right to and did understand that the further labor and material to be furnished should become the debt directly and not collaterally against Burton and Sowles, and that Burton so intended.

The person's name in the account on the books often has controlling influence in deciding the fact as to the person who is regarded as the original debtor, but it is not conclusive; and in this case, if the charges were not to Burton and Sowles as first made, which does not clearly appear, we think but little importance should be attached to it under the other facts reported.

The Statute of Frauds, therefore, is not available to the defendants.

But there is the further question whether Sowles is bound by Burton's promise.

In the case of *Smith* v. *Burton and Sowles*, ante, 408, we held that the contracts with MacDonald did not create a partnership between Burton and Sowles or make them the proprietors of the business; and did not create an authority on the part of either to pledge the credit of the other, in the performance of their contract obligations to MacDonald. The contracts were severally signed by them, and in many respects point to a several obligation on the part of Burton and Sowles.

In the case at bar, unlike the other, there is nothing in the report to indicate any authority by Sowles to Burton, outside the contracts, to pledge the credit of Sowles to the plaintiffs. It does not appear in the report that Sowles knew of any dealings with the plaintiffs by either MacDonald or Burton. And there is nothing to show any course of dealing indicating any authority for each to act for the other.

Therefore the judgment for the plaintiffs as against Burton is affirmed, but as against Sowles is reversed, with costs.