PATRICK J. DESMOND, Respondent, *v.* HARRIET C. SCHENCK and ANNA L. STEPHENS, as Executrices, etc., of LUCIA L. KEARNY, Deceased, Appellants.

*Contract — oral promise to "see" that a sub-contractor is paid — it authorizes a finding that an independent contract to pay was made, not one to pay if the principal contractor did not — effect of the sub-contractor making a claim against the principal contractor.*

Where, after the principal contractor had stopped work upon a building, a sub-contractor stopped also, and the agent of the owner promised the latter that if he would resume work he "would see" that he was paid, a finding is authorized that the promise constituted an independent contract on the part of the owner to pay the sub-contractor for his work, which promise was enforcible, although not in writing, and not simply a promise to pay the sub-contractor only in the event of the principal contractor's failure to pay, which promise would be void under the Statute of Frauds.

In an action by the sub-contractor against the owner to recover the value of the work done by him, proof that he made a claim against the principal contractor for the whole amount of such work, while proper to be considered by the jury upon the question of the sub-contractor's credibility, is not necessarily fatal to the maintenance of the action.

APPEAL by the defendants, Harriet C. Schenck and another, as executrices, etc., of Lucia L. Kearny, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 26th day of February, 1898, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of February, 1898, denying the defendants' motion for a new trial made upon the minutes.

*Reuben Leslie Maynard* [*Augustus H. Vanderpoel* with him on the brief], for the appellants.

*W. Popham Platt,* for the respondent.

WILLARD BARTLETT, J.:

This suit was brought to recover the value of certain plumbing work done by the plaintiff upon houses belonging to the defendants' testatrix. The plaintiff was originally employed by the contractor who undertook the erection of the houses. This contractor failed

to complete the buildings under his contract. After he stopped work, the plaintiff stopped also, and the principal question in this litigation relates to what subsequently occurred in reference to the plumbing between the plaintiff and the agent of the owner of the uncompleted houses.

According to the plaintiff, he refused to do any more plumbing work until the agent promised to pay him for it. The agent denied having made any such promise. The trial judge submitted the case to the jury upon the proposition that the plaintiff could recover only by establishing such a promise by the owner's authorized agent in her behalf, independently of the plaintiff's original employment; and charged that if the owner was liable at all, it was only for work done by the plaintiff after such promise. No exception was taken to the action of the court in this respect, nor indeed do we find that the defendants requested the court to submit the case to the jury on any other theory, or took any exception whatever to the charge.

It is now insisted, however, that the alleged promise, even if made as testified to by the plaintiff, was, at most, not an independent contract to pay the plaintiff if he would go on with his plumbing work, but simply a promise to pay him if the contractor did not, and that hence, being an undertaking to answer for the debt or default of another, and not being in writing, it was void under the Statute of Frauds.

We think the evidence was sufficient to sustain a finding that the message which the plaintiff testified he received from the owner's agent was intended as an assurance that the owner would pay him. A statement from this agent that he " would see " that the plaintiff was paid for his work would naturally mean that payment was to come from the agent's principal, and could hardly have referred to the contractor who was in default, over whom the owner's agent had no control and whom he did not assume to represent.

It was proved that the plaintiff made a claim against the contractor for the whole amount due him for plumbing work in the houses. This claim was apparently inconsistent with that made in this action, but not necessarily fatal to it. The plaintiff seems to have preferred to obtain his pay from the contractor if he could have done so, without enforcing the independent promise of the owner through her agent. While the course which he took was proper to be con-

sidered by the jury on the question of his credibility, as it must have been considered under the instructions of the court, it did not preclude them from rendering a verdict in his favor.

Nor can we say that the verdict was against the evidence. · As the learned trial judge pointed out, the testimony of the owner's agent was not a "clean, positive denial" of having sent word to the plaintiff to complete his work and he would see plaintiff paid. "I don't remember having done so" was what he said, as against the positive assertion of the person by whom the message was conveyed.

As we understand the figures, the jury have allowed the plaintiff the small sum of one dollar and sixty-seven cents in excess of what he is entitled to recover on any theory of the case. With this deduction, the judgment should be affirmed.

All concurred, except HATCH, J., absent.

Judgment modified by deducting from the plaintiff's recovery the sum of one dollar and sixty-seven cents, and, as modified, together with order, affirmed, with costs.