140 So. 443

## SMITH–SCHULTZ–HODO REALTY CO. v. HENLEY–SPURGEON REALTY CO.

### 6 Div. 882.

Supreme Court of Alabama.
March 10, 1932.

Harsh & Harsh and Francis Hare, all of Birmingham, for appellant.

Benners, Burr, McKamy & Forman, of Birmingham, for appellee.

FOSTER, J.

·The counts claiming upon an award of arbitrators (Nos. 5 and 7) aver the existence of a controversy between plaintiff and defendant as to whether or not defendant was due plaintiff anything on account of a commission received by defendant in the sale of some property in Birmingham. There is nothing in them which could reflect upon the bona fides of such controversy, though appellee thus argues. The counts allege a submission to certain named arbitrators.

A submission to arbitration of a controversy, when followed by an award, has a distinct legal import and contains the essential features of a binding contract. It need not ordinarily be in writing, and it is not then necessary to allege that it was in writing. After an award the proceedings import a legal obligation to abide by it as in the nature of a judgment, if such award is in proper form, and conforms to the submission, and in the absence of some matter impeaching its effect, pursuant to well known principles. Gardner v. Newman, 135 Ala. 522, 33 So. 179; Roundtree v. Turner, 36 Ala. 555; Payne v. Crawford, 97 Ala. 604, 11 So. 725; Callier v. Watley, 120 Ala. 38, 23 So. 796; 5 Corpus Juris, 43, 139, § 333, 163, § 397; Reynolds v. Reynolds, 15 Ala. 398; Tuskaloosa B. Co. v. Jemison, 33 Ala. 476; Brewer v. Bain, 60 Ala. 153; Fuerst v. Eichberger, ante, p. 31, 138 So. 409.

The chief claim of defendant relates to the alleged uncertainty in the award. It was that defendant "is to see to it" that plaintiff receives one-half of the regular real estate commission in the sale of the property. It is averred in the complaint what in dollars was such regular real estate commission. The argument is chiefly that the words "is to see to it" that plaintiff receives such commission has no legal fixed effect, and does not create a definite duty.

The meaning of the words must be interpreted in the light of the surroundings and context in which they are used. The words above quoted from the award are not uncommon in ordinary parlance as expressive of an obligation to a definite extent, and have been discussed in some of the American reports. In the case of Greene v. Burton, 59 Vt. 423, 10 A. 575, 576, it is said: "The expression, 'would see that they had·their pay,' implies a collateral promise; but if this form of expression was intended and understood as a promise to pay directly, and not conditionally, it would be so treated. The substance, and not the form, should control." Under the circumstances there shown it was held to import an unconditional promise. In Brannin v. Henderson, 12 B. Mon. (Ky.) 61, an acceptance by one of an order drawn on him, in which he uses this language, "I will see the within paid, eventually," it was held to import an unconditional promise presently to pay the amount. In Desmond v. Schenck, 36 App. Div. 317, 55 N. Y. S. 251, the words used were "would see" that a plumber was paid. It was held to be a direct and not a conditional undertaking, owing to the circumstances of the parties. Likewise is the case of Maddox v. Pierce, 74 Ga. 838.

A collateral undertaking means a contract of ordinary guaranty or suretyship. The former is conditioned upon the inability to collect from a third person; the latter is a promise to pay if the other does· not (this also sometimes called an absolute guaranty). Watkins v. Lovelady, 186 Ala. 414, 65 So. 52; Ehl v. Watkins, 216 Ala. 69, 112 So. 426; Leftkovitz v. First National Bank, 152 Ala. 521, 44 So. 613; Craft v. Standard Acc. Ins. Co., 220 Ala. 8, 123 So. 271.

While the quoted words seem prima facie to indicate a collateral obligation, they do not, without more, show that it was not an absolute duty; that is, that it was conditional upon any other ·event. Such an undertaking not so conditioned is sometimes called an absolute guaranty and effective as a suretyship. Ehl v. Watkins, supra; Leftkovitz v. Bank, supra.

If the defendant had expressed an obligation to plaintiff in the language of the award, it would have been an unqualified agreement or an unconditional promise, presently to pay an ascertainable sum. And if such an agreement resulted from a dispute or controversy between them as to a liability from the promisor to the promisee for commissions earned in the sale of property, there would not be lacking any element of a binding contract. While the amount is not specified, it is ascertainable from what.is specified. While the due date is not mentioned, the law

supplies that as being instanter. Ehrman v. Stanfield, 80 Ala. 118. If the award furnishes the rule by which its amount may be ascertained, it is sufficient in that respect also. Roundtree v. Turner, 36 Ala. 555; Payne v. Crawford, 97 Ala. 604, 607, 11 So. 725; Odum v. R. & J. R. R. Co., 94 Ala. 488, 10 So. 222.

We think that count 5 as originally filed was sufficient to meet the requirements which we have indicated. While the several amendments added some features which were not necessary, they may have added some to its clarity. We also think count 7 contained the essentials of a complaint in so far as pertains at least to the objections urged to it. Ehrman v. Stanfield, supra.

But the plaintiff also had the common counts. The rule of general use, adopted in this state, is that with respect to an award as with an express contract which provides only that one shall pay money, the common counts are sufficient, and it is not necessary to declare specially on the award or the contract. McCargo v. Crutcher, 23 Ala. 575; 5 Corpus Juris 217; Morrison v. Morrison, 3 Stew. 444; Merrill v. Worthington, 155 Ala. 281, 46 So. 477; Joseph v. Hoffman, 173 Ala. 568, 56 So. 216, 38 L. R. A. (N. S.) 924, Ann. Cas 1914A, 718; Williams v. Shows, 187 Ala. 132. 65 So. 839; Gillis v. White, 214 Ala. 22, 106 So. 166.

So that as a matter of pleading plaintiff should have been allowed to prove the arbitration and award on the common counts, and having the right to do so, there was no injury in sustaining demurrers to counts 5 and 7. But the court sustained objections to plaintiff's evidence which tended to prove the facts of the arbitration and award, such as are alleged in counts 5 and 7. We assume the ruling of the court in thus excluding the evidence was upon the theory that the award did not sufficiently prescribe a duty by defendant to pay a definite sum of money to plaintiff. In the discussion of the complaint, we have expressed views different from such rulings of the court.

There were many exceptions in this connection, but we do not think it necessary to refer to each such ruling. There is no difficulty we think in shaping them on another trial to conform with our interpretation of the relation of the parties, in respect to the arbitration and award.

The other questions presented do not therefore appear to be important for our consideration, as they probably will not again arise.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.